SNODGRASS, EXR., APPELLEE, *v.* SNODGRASS ET AL., APPELLANTS.

442

*Mr. Frank T. Kerr,* for appellee.
*Mr. Robert J. Sanborn* and *Messrs. Thornburg &
Lewis,* for appellants.

GRIFFITH, J. This appeal is from a judgment in an
action to construe the will of George B. Clifford, late
a resident of Belmont county, who died on the 18th
day of October 1946.

The particular issue is the meaning of the clause,
"also all of my personal property and personal ef-
fects, such as furniture, household goods and jewelry,"
under all the circumstances surrounding this case.

The will provided as follows:

Item I directed payment of debts and funeral ex-
penses, etc.

"Item II: I give, bequeath, and devise to my step-
daughter, Ethel Snodgrass, and to her son, Clifford
Duff, in equal shares, 20 acres of land which I now
own, located in Jim Wells county, Texas; also my in-
terest in the royalty from 240 acres of land in New
Mexico; *also all of my personal property and personal
effects, such as furniture, household goods and jewelry.*
(Emphasis added.)

"As said Clifford Duff is now a member of the
armed forces of the United States, in the event that he
does not survive me or dies during the settlement of
my estate, his interest under the provisions of the
first paragraph of this item shall pass to and vest in his
mother, Ethel Snodgrass, absolutely and in fee simple.

"Item III: After the provisions of item I and item II above have been complied with, I direct that my executors, hereinafter named, shall, in their discretion and so as not to dispose of any part of my estate at a sacrifice price, convert the remainder of my estate into money, and out of the residue and remainder of my said estate, I give and bequeath to my said stepdaughter, Ethel Snodgrass, the 4/22 part of said residue and remainder; to said Clifford Duff the 4/22 part of said residue and remainder; and to my brother, Robert Clifford, the 6/22 part of said residue and remainder; to my sister, Phoebe Pickett, the 4/22 part of said residue and remainder; and to my brother, Joseph Clifford, the 4/22 part of said residue and remainder."

The will was executed on the 15th day of November 1944.

The inventory filed in the Probate Court lists the following property owned by testator at the time of his death:

| | |
|---|---:|
| 1938 Plymouth 4-door sedan | $ 350.00 |
| 200 Shares Brilliant Sand Co. stock | 12,000.00 |
| 2 Shares Shaw Oil Corporation stock | 1.00 |
| Brilliant Bank and Savings Co. Checking account | 1,261.01 |
| John Hancock Mutual Life Ins. Co. Policies | 3,869.35 |
| Several parcels of real estate in Martins Ferry, Ohio | 7,000.00 |
| 20 acres, situated in Jim Wells County, Texas | 600.00 |
| Total | $25,081.36 |

From the inventory it is to be observed that the estate consisted of both real and personal property, real

property of the appraised value of $7,600, and personal property of the appraised value of $17,481.36.

The important items of personal property now in controversy consist of 200 shares of stock in the Brilliant Sand Company, a checking account in the Brilliant Bank & Savings Company, the proceeds of insurance policies, and an automobile.

Do these items pass under the provisions of the last clause of the first paragraph of item II of the will?

It will be noted that the first paragraph of item II is divided into three parts. The first disposes of 20 acres of land in Jim Wells county, Texas, and is followed by a semicolon; the second disposes of the royalty from 240 acres of land in New Mexico, and is also followed by a semicolon; the third is, "all of my personal property and personal effects, such as furniture, household goods and jewelry." The three parts of this item are distinctly separated by semicolons.

"The cardinal rule in the construction of wills to which all others must bend is that the intention of the testator as expressed in the will shall prevail." *Child, Admr., v. Orton,* 119 N. J. Eq., 438, 183 A., 709. See, also, *Trustees of Princeton University* v. *Wilson,* 78 N. J. Eq., 1, 78 A., 393.

George B. Clifford, in item II, after devising 20 acres of land in Jim Wells county, Texas, and his interest in the royalty from 240 acres of land in New Mexico, bequeathed "all of my personal property and personal effects, such as furniture, household goods and jewelry."

The word, "effects," is a broad term. Used alone, it has been said to be synonymous with "worldly substance." In conjunction with the words, "goods, chattels," it usually means all personal property, and under some circumstances it has been held to include real estate as well. Used with some other words, its

meaning is much restricted; for example, when used in the expression, "household furniture and effects," the word, "effects," is limited to household goods. The word, "personal," used with "effects" much restricts its meaning. In common understanding, the expression, "personal effects," without qualifying words, includes only such tangible property as attends the person, or, as variously stated, such property as is worn or carried about the person, or goods and items of property having a more or less intimate relation to the person, or personal luggage as distinguished from merchandise. *Child, Admr.,* v. *Orton, supra.*

A leading case touching the interpretation of "personal effects," as used in a will, is *Estate of Lippincott,* 173 Pa., 368, 34 A., 58, in which the Supreme Court of Pennsylvania held that "personal effects," as used in a will bequeathing to a certain person all testator's jewelry, wearing apparel, and personal effects, mean articles similar in kind to jewelry and wearing apparel and cannot embrace household furniture.

Effects, when preceded or followed by words of a narrower import, if the bequest is not residuary, will be confined to species of property *ejusdem generis* with those previously described.

What bearing do the words, "and personal effects, such as furniture, household goods and jewelry," have upon the phrase, "personal property"? Do they cut down the meaning of "personal property" and limit the property passing thereby to items of furniture, household goods and jewelry owned by the decedent at the time of his death?

If so, then all other items of personal property owned by the decedent pass under the residuary clause of his will.

The term, "personal effects," is used in conjunction with "all my personal property," and the words,

"such as furniture, household goods and jewelry," refer to "personal property" as well as "personal effects."

A bequest of personal property includes every form of personal property from whatever source it may be derived, that is, everything except real property.

"A gift of personal property in general terms together with an enumeration of certain classes of personal property is generally held to be limited to articles of the classes which are enumerated specifically." 3 Page on Wills (Lifetime Ed.), 44, Section 964; 57 American Jurisprudence, 888, Section 1339; 41 Ohio Jurisprudence, 659, Section 537.

The leading case in Ohio pronouncing this rule is that of *Creamer, Exr.*, v. *Harris* (1914), 90 Ohio St., 160, 106 N. E., 967, L. R. A. 1915C, 653.

In that case, the testator bequeathed several items of personal property to one Sadie Harris and among other things bequeathed "one bureau and contents." After the testator's death it was found that the bureau in question contained in money the sum of $320, and the legatee contended that this amount of money passed under the above provision of the will.

The court held that the money contents of the bureau passed to the legatees mentioned in the residuary clause of the will. The syllabus in that case states:

"1. In the construction of wills a presumption prevails, especially in items not residuary, that where a more general description is coupled with an enumeration of things, the description shall cover only things *ejusdem generis.*

"2. This, however, is only a rule of presumption and must yield to the testator's intent as gathered from the whole instrument, but where the presumption is favored and supported by the evident intention of the testator as developed from a consideration of all the

parts of the instrument, then such rule of presumption should be applied to the matter in question.''

In 41 Ohio Jurisprudence, 659, Section 537, we find the following:

''In the construction of wills a presumption prevails that where a more general description is coupled with an enumeration of things, the description shall cover only things *ejusdem generis* with the particular things mentioned. The reason for the rule is that the adoption of the more comprehensive meaning would have the effect of rendering the super added expression nugatory, and would deprive the additional language of any additional meaning. The presumption prevails especially in items not residuary.''

In the instant case, the testator made the following provision:

''I give, bequeath and devise * * * 20 acres of land * * * in Jim Wells county, Texas [value as appraised, $600]; interest in the royalty from 240 acres of land in New Mexico [appraisal apparently $1]; also all of my personal property and personal effects, such as furniture, household goods and jewelry.''

In the body of the opinion in the *Creamer case,* at pages 164 and 165, it is stated:

''Consulting some of the leading text writers on will construction, we find it to be an established course of interpretation that it is a rule of presumption, especially in *clauses not residuary,* that where a more general description is coupled with an enumeration of things, the description shall cover only things of the same kind; and doubtless words of a general description may, by due regard to the context, be considered as limited by an attempt at particular description.''

By item II in the will, did George B. Clifford intend to include $12,000 worth of stock, a checking account of more than $1,200, benefits of life insurance policies

of nearly $4,000, and an ancient automobile—bearing in mind that he did specifically name and describe in the main body of this item II the 20 acres of land in Texas of a value of only $600, and that he specifically mentioned his interest in the royalty from 240 acres of land in New Mexico, of small value, and then proceeded in the item with "also all of my personal property and personal effects,. such as furniture, household goods and jewelry"?

The general description, "all of my personal property," is coupled with "and personal effects, such as furniture, household goods and jewelry," and the general description covers only such things of the same kind; the general description is cut down and limited by the attempt at this particular description. The doctrine of *ejusdem generis*—of the same kind or specie—applies in this case.

The residuary clause directs that the residue be converted into money.

The inventory discloses that the single item of greatest value was the stock in the Brilliant Sand Company; the item of next highest value embraced several parcels of real estate in Martins Ferry. These two items comprised three-fourths of the entire estate.

True it is that many of the leading authorities, where the rule of *ejusdem generis* is applied, are cases involving contents "in a house," "in a bureau," "in a box," or similar references. True it is that, in the instant case, the checking account and the proceeds of the insurance policies are in money without any conversion necessary on the part of the executor, but does that indicate an intention on the part of the testator that the $12,000 in stock was not to be converted into money but was intended to pass under the provision of "my personal property and personal effects, such as furniture, household goods and jewelry"?

If George B. Clifford intended to embrace these 200 shares of stock, the checking account, and the insurance money in his bequest of "all of my personal property and personal effects, such as furniture, household goods and jewelry," why would he not have mentioned them, since they had such large value, whereas the "personal effects, such as furniture, household goods and jewelry" had apparently a mere nominal value?

We do not believe that he wished to bequeath his 200 shares of stock and other personal property in the inventory in this manner. We are of the opinion that the language used by the testator in item II acted only to pass personal effects, such as furniture, household goods and jewelry, and did not bequeath other items of personal property.

This conclusion is all the more compelling since the will contained an effective residuary clause, and because of the language in the residuary clause, and by following the almost unanimous decisions applying the rule of *ejusdem generis*.

The personal property listed in the inventory should pass under the residuary clause of the will of George B. Clifford.

*Judgment reversed.*

NICHOLS, P. J., and PHILLIPS, J., concur.