SPEARS, EXECUTOR, *v.* MADDEN ET AL.

(No. 7875—Decided May 5, 1971.)

Probate Division—Common Pleas Court of Lawrence County.

*Mr. Harold D. Spears*, for plaintiff.
*Mr. Dale Christner*, for defendants.

HENRY, J.  This is an action for construction of the will of the testatrix, brought by Harold D. Spears, as exec-

utor of the estate of Heath R. Spears, deceased, under the provisions of R. C. 2107.46. The parties, through counsel, having entered into an agreed statement of facts with respect to the circumstances giving rise to the questions presented and the court having duly considered the evidence and memorandums filed by counsel herein and being duly advised, finds that with respect to each of the questions as follows:

Question Number One: Is jewelry which was located in decedent's house at the time of the execution of the will but not located therein at the time of the death of the decedent included in a bequest of "my home and its contents"?

It appears that the decedent had regularly kept the jewelry described in the will at her home. Immediately prior to her passing, when she went to the hospital, she took a box containing her jewelry and placed it in the possession and custody of the hospital administrator, who held it in her behalf in a safe at the hospital, where the same was located at the time of her death. The court has examined the authorities cited by the executor herein as the same appear in 120 A. L. R. 1210 and in 56 Ohio Jurisprudence 2d Wills, Sec. 579, along with other authorities. Following the examination of the cases and authorities, this court is of the opinion that said jewelry should not be included in the bequest of "my home and its contents." It is therefore adjudged by the court that the jewelry pass to residuary legatees and not under Item II as "contents."

Although the jewelry had been regularly kept within the home under ordinary circumstances, and at the time of testatrix death was not in the home for the reason that it was placed otherwise temporarily for safekeeping, it was nevertheless not in the home at the time of the death of the decedent and in accordance with the generally accepted principle that a will speaks from the date of death of the decedent, the jewelry was not, in fact, a part of the contents of the home at the time necessary for the will to operate in such a manner as to cause the same to pass under this provision. Moreover, jewelry is not, in and of itself, of

such a nature as to be readily identifiable by its use as "contents of a house" in the same manner as certain other articles. For example, household furniture, furnishings, appliances, draperies, or other such articles which would have little use except as a part of the contents of a home might have presented a different situation if temporarily out of the home at the time of death, but in the opinion of the court, jewelry would not qualify as contents of the house unless it, in fact, were located within the house at the time of the death of the testatrix. The court has also studied a case decided by the Supreme Court of Ohio in 1914, *Creamer* v. *Harris*, 90 Ohio St. 161, wherein a will bequeathed certain articles of the nature of furniture and household items included among which was a "bureau and contents." In this case, a sum of money was found in one of the drawers of the bureau and the court ruling upon a similar question held that if the testatrix had intended to bequeath a large sum of money found in the bureau, it is more likely than not that the articles would have been specifically mentioned rather than to have been included in an ambiguous expression "contents." Various cases were cited by the court, and it is interesting to note that in one such case, the expression "everything the house contains" was not held to include a promissory note and a savings bank book with deposits, which were found among the papers in the dwelling house immediately following the death of the testatrix, the court holding that it would be a very unnatural thing that the testator would describe such property and of such value merely as household effects and as a part of all the house contained.

The second question asked by the executor, upon request of the defendant Thomas W. Madden, relates to a provision in the will of the testatrix wherein by Item 8 a provision was made that "any money in my checking account at the time of my decease, I hereby give, devise and bequeath to my nephew Thomas W. Madden." The court having examined the nature and characteristics of Account No. 44358 and Account No. 47910 finds said account not to be a "checking account" and, therefore, it is the judgment

of the court that the same pass to the residuary legatees and not to the defendant Thomas W. Madden under Item 8.

The third question is whether or not any of the legatees are entitled to receive interest upon the assets to be distributed to them under the will of the testatrix herein. The court finds that none of the bequests made in the will are specific bequests, except that of the checking account in Item 8, and there being no provision in the will providing that interest should be payable on the general legacies therein, it is the judgment of the court that no interest shall be due any of the legatees, except the defendant Thomas W. Madden upon the checking account which has been converted into a savings account upon the request of said defendant. Said defendant shall have the interest upon the account following the date of its conversion. See 22 Ohio Jurisprudence 2d, Executors and Administrators, Sec. 357, and R. C. 2113.531.

The fourth question asks, in the event any of the legatees under the will are entitled to receive interest, from what date should the interest be paid. The answer to the previous question is fully dispositive of the fourth question and no further comment need be made with reference thereto.

The fifth question is as follows: ''From what source shall the executor pay income taxes due from the estate by reason of the receipt of income from assets of the estate herein, in the hands of the executor, and who shall receive the net income''? No specific direction is contained in the will as to the manner of payment of the income taxes herein. The executor of the estate has a statutory duty to pay the income taxes from any income derived from the assets of the estate following the death of the decedent. This is an expense of administration and is chargeable against the estate corpus and should be deducted from the corpus of the estate prior to distribution thereof. It is the opinion of the court that the net income following the payment of the income tax should be distributed as a part of the residuary estate herein.

*Question Number Six:* ''Shall the executor pay the

Ohio estate tax out of the estate as a whole before payments of the legacies and devises or shall the executor require contribution to the payment of estate taxes by the beneficiaries under the will proportionately to the value of the assets received by such beneficiary''? At the request of the defendant residuary legatees, the executor herein filed an amendment and supplement to the petition for construction of the will asking this additional question. The memorandum of the residuary legatees herein cites R. C. 5731.37 and contends that the statute incorporates the same provisions as to the obligation to pay the tax as existed under the old Ohio Inheritance Tax Law (former R. C. 5731.17). Defendants cite *Central Trust Co.* v. *Lamb*, 74 Ohio App. 299, and urge that an obligation exists on the part of the benficiaries receiving a legacy to pay the tax by reason of the language of the old statute, which is substantially the same as the present language of the statute. Former R. C. 5731.17 in part reads as follows:

''* * * such an administrator, executor, or trustee, having in charge or in trust for distribution any property the succession to which is subject to such taxes, shall deduct the taxes therefrom, or collect the same from the person entitled thereto. He shall not deliver, or be compelled to deliver, any specific legacy or property, if succession to which is subject to said taxes, to any person, until he has collected the taxes thereon, * * *''

The court has found very little authority by reason of the relatively recent enactment of the Ohio Estate Tax Law, but cases cited by the executor herein which relate to the burden of payment of the federal estate tax hold that the federal estate tax is a charge to be paid out of the estate as a whole before distribution. See *YMCA* v. *Davis*, 106 Ohio St. 366. The Ohio estate tax has been drafted very similarly to many of the provisions of the federal estate tax and in the opinion of this court, the decisions which have been made in reference to the federal estate tax should apply in cases which relate to the same question and which arise under the similar provisions of the Ohio Estate Tax Law. The court is of the opinion that the statute cited by

the defendant is intended to provide a lien upon any property in the hands of the executor or following its transfer to secure the payment of tax and further to provide for equitable contribution on the part of beneficiaries who receive assets of non-probate nature but that said statute does not operate in such a manner as to alter the primary concept of the estate tax and therefore, the estate tax is a debt against the estate to be paid out of the estate as a whole prior to distribution and in the same manner as any other debt of the estate.

*Judgment accordingly.*