SANDY, EXRX., APPELLEE, *v.* MOUHOT, APPELLANT, ET AL.

[Cite as Sandy *v.* Mouhot (1982), 1 Ohio St. 3d 143.]

(No. 81-1356—Decided August 4, 1982.)

*Mr. John D. West,* for appellee.

*Messrs. Dinsmore, Shohl, Coates & Deupree* and *Mr. Carl J. Stich, Jr.,* for appellant.

CELEBREZZE, C.J. The court's sole purpose in an action seeking construction of a will is to ascertain and carry out the intention of the testator. *Carr* v. *Stradley* (1977), 52 Ohio St. 2d 220 [6 O.O.3d 469], paragraph one of the syllabus; *Townsend's Exrs.* v. *Townsend* (1874), 25 Ohio St. 477, paragraphs one and two of the syllabus.

The Probate Court construed the phrase "all of my personal property" in Item II of the will to include intangible personal property. The court stated that the testatrix did not intend for the specific bequest of "household goods" to limit the words "all of my personal property" to only those things *ejusdem generis*. We must decide whether this is the correct interpretation.

Appellant contends that only tangible personal property similar to household goods was included in Item II and, thus, almost all of the estate is distributed by the residuary clause. According to appellant, this interpretation is required by the rule of construction *ejusdem generis* and also to give effect to the residuary clause which would be null if all the personal property were to be distributed under Item II. Appellant also asserts that extrinsic evidence is improper because the testatrix's intent is clear from the will itself.

Previously, this court has stated that "* * * the cardinal rule to follow in a will construction case is to ascertain the intention of the testator. If possible the testator's intention must be determined from the instrument itself. It is,

however, well settled that where there is some doubt as to the meaning of the will the court may admit extrinsic evidence of the testator's family situation * * *." *Holmes* v. *Hrobon* (1953), 158 Ohio St. 508, 518 [49 O.O. 450]. Similarly, paragraph two of the syllabus in *Wills* v. *Union Savings & Trust* (1982), 69 Ohio St. 2d 382 [23 O.O.3d 350], reads:

"Where a term in a will is susceptible to various meanings, the Probate Court may consider the circumstances surrounding the drafting of the instrument, in order to arrive at a construction consistent with the overall intent of the testator so as to uphold all parts of the will." See, also, *Casey* v. *Gallagher* (1967), 11 Ohio St. 2d 42, 46 [40 O.O.2d 55].

Our task is to derive the intent of the testatrix by applying these principles. First, the will itself should be examined. The will contains only two clauses which distribute property: Item II is the primary clause while Item III merely allocates any residue.

In Item II, the testatrix stated, "I give and bequeath *all* of my personal property and household goods to my niece, Julia F. Sandy." (Emphasis added.) The term personal property has been broadly interpreted. "A bequest of personal property includes every form of personal property from whatever source it may be derived, that is, everything except real property." *Snodgrass* v. *Snodgrass* (1951), 90 Ohio App. 441, 446 [48 O.O. 111]. The broad interpretation of personal property and, more importantly, the use of "all" suggest that the testatrix intended to give all her personal property including intangible personal property to her niece, appellee.

We are mindful that *ejusdem generis* creates a presumption and conclude that it is not appropriate to apply it in this case. *Ejusdum generis* is a rule of construction in which a presumption exists, "where a more general description is coupled with an enumeration of things, the description shall cover only things of the same kind." *Creamer* v. *Harris* (1914), 90 Ohio St. 160, 165. Contrary to the rule, there is no enumeration or listing of things in this will. Instead, the will contains a general term, personal property, and a more particular description. According to 4 Page on Wills 364, Section 33.43, a general term will not be reduced by a particular description when the description appears to be an example or a means for identifying the property further.

Item III merely distributes any residue of property: real, personal or mixed. The purpose of a residuary clause is to provide a plan to distribute any remaining assets not specifically devised or bequeathed. Therefore, a carefully planned will may allocate all the assets through prior clauses and none would remain for the residuary clause. However, even in such a situation, a residuary clause frequently is used to cover potential contingencies which may develop in the planned distribution. For example, the named beneficiary may predecease the testator or, if living, may renounce or disclaim any benefits under the will. Consequently, the gift would lapse and the property would pass under the residuary clause. Therefore, appellant's claim that the residuary clause is null unless property is distributed through it is without merit.

Based on the will which states "all of my personal property and household goods," we hold that the testatrix intended to bequeath all of her personal property, including intangible personal property, to appellee.

This construction of the will is supported by other language in the will. The will states that appellant and her sisters, the other beneficiaries under the residuary clause, all live in New York or Florida, while appellee, the beneficiary under Item II, lives nearby in Ohio. According to her brief in the Probate Court, appellee testified that she lived most of her life with the testatrix. We do not have a transcript of the proceedings and the opinion does not clearly indicate whether the Probate Court considered the geographic proximity and the relationship of the parties.[1] However, we have stated previously that a Probate Court may consider extrinsic evidence when a will is susceptible to various meanings. *Wills, supra, Holmes, supra,* and *Casey, supra.* This will could be subject to different interpretations because both Items II and III distribute personal property. Therefore, the Probate Court properly could have considered these and other factors in attempting to determine the intent of the testatrix.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

HOLMES, J., concurring in judgment.

I concur in the judgment only in that the syllabus of this opinion could be interpreted as setting forth the legal principle that the use of the term "all of my personal property and household goods" in every instance would encompass intangible personal property. Such interpretation should not of course be applied to every will.

However, the conclusion that the use of the words "personal property" did include the intangible personal property could be reasonably arrived at here in that the Probate Court was empowered to look to the intent of the testatrix by way of any extrinsic evidence presented. Neither the Court of Appeals, nor this court, has had the advantage of a record of the proceedings in the Probate Court and, accordingly, the reviewing courts may assume the reasonableness and propriety of the hearing, evidence adduced, and determination of the court based upon such evidence.

Accordingly, I concur in the affirmance of the judgment.

LOCHER and KRUPANSKY, JJ., concur in the foregoing concurring opinion.

---

[1] The opinion of the Probate Court does not indicate clearly the evidence considered. The opinion merely states that "[t]his matter came to be heard on the complaint filed herein, the evidence and the briefs filed herein." Neither party requested a transcript for appellate review.