DECISION AND JOURNAL ENTRY
Appellants, Next-of-Kin, appeal the decision of the Summit County Court of Common Pleas, Probate Division, excluding them from contesting the will of Margaret Jeanne Peachey. We reverse in part and affirm in part.
 I.
On June 20, 1986, Ms. Peachey allegedly executed a will devising her property to Mr. Donald P. Holloway, appellee. On August 5, 1997, Ms. Peachey apparently executed a second will, revoking the prior will and devising all of her property to Vicki L. Kozma, appellee. Ms. Peachey passed away on January 28, 1998.
Ms. Kozma offered the 1997 will for probate on February 17, 1998. On March 12, 1998, Mr. Holloway filed an action contesting the will on the grounds of undue influence and naming Ms. Kozma as well as Ms. Peachey's heirs, had she died intestate, as defendants. On April 17, 1998, Elsie Peachey, Ida Renard, Adeline Fluke, Marry Ann Stratton, Marlene Hess, Elam Glick, Sanford King, Betty Haag, Mary Wolfe, and Sharman Liddick ("the next of kin"), appellants, among others, responded in opposition to Mr. Holloway's complaint, counterclaimed against Mr. Holloway and cross-claimed against Ms. Kozma. Substantially the same group of persons also filed another will contest action in their own names, which was consolidated with this action on September 29, 1998. The next of kin asserted that they, among other unknown heirs, are Ms. Peachey's closest living relatives, as they are the descendants of her paternal and maternal grandparents.
On February 18, 1999, Mr. Holloway filed a motion seeking summary judgment against the next of kin as he asserted that they lacked an interest in the will contest action. The next of kin responded in opposition asserting that they were interested parties because they would inherit had Ms. Peachey died intestate. The trial court, in a journal entry dated May 12, 1999, granted summary judgment against the next of kin. Also on May 12, 1999, the trial court denied the next of kin's motion to add Brenda J. Wagner, Virginia E. Warren, Richard L. King, and Robert E. King ("the additional next of kin"), appellants, to the cause of action which had been consolidated with this case. Previously, Mr. Holloway had included the additional next of kin as defendants in his third amended complaint, and they had responded in opposition, cross-claiming against Ms. Kozma and counterclaiming against Mr. Holloway. The trial court clarified its May 12, 1999 decision granting summary judgment against the next of kin on June 24, 1999, foreclosing all of the next of kin's further participation in the will contest action concerning Ms. Peachey's will. This appeal followed.
 II.
Appellants assert two assignments of error. We will address each in turn.
 A. First Assignment of Error The trial court erred when it granted the plaintiff DONALD P. HOLLOWAY'S motion for summary judgment.
Appellants assert that the trial court erred when it found that they had no interest in the will contest action, and therefore, dismissed them from the action below on Mr. Holloway's motion for summary judgment. Furthermore, appellants assert that the trial court erred when it refused to grant them leave to add additional parties to their complaint. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. Moreover, "[u]nlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
The necessary parties in a will contest action include "[h]eirs who would take property pursuant to section 2105.06 of the Revised Code had the testator died intestate[.]" R.C.2107.73(B). Procedural due process mandates that parties whose rights are to be affected have the opportunity to be heard.Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, 171, citing Fuenks v. Shevin (1972), 407 U.S. 67, 80.
"In an undue influence case, the issue is not whether the entire will is invalid (unless the undue influence was so pervasive that it may have affected the testator's testamentary capacity, generally); rather, the issue is whether one or more particular bequests were the product of undue influence."Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 70 fn. 11. Furthermore, "[t]he invalidation of any particular bequest would not ordinarily invalidate other bequests, or the will, generally."Id. The "cardinal rule" to follow in will construction is to ascertain the intention of the testator. Sandy v. Mouhot (1982),1 Ohio St.3d 143, 144 citing Holmes v. Hrobon (1953), 158 Ohio St. 508,518. Thus, it is possible, however unlikely, that a finder of fact, where "there was evidence that [one] revoked an earlier will when [one] drafted [a later will]" under the force of undue influence, could "reasonably infer that [one] did change [one's] wishes without ever establishing what those wishes were." Redmanv. Watch Tower Bible Tract Soc. of Pennsylvania (1994), 69 Ohio St.3d 98,102 (deciding the case on an issue of evidence).
If an earlier will exists also disinheriting the heirs under intestacy, one "occupying the relation of heir of the decedent ha[s] the right to contest the will which [is] probated, without reference to the provisions of any previous will, which might never be offered for probate, or, if so offered, might also be the subject of contest." Murphy's Exr. v. Murphy (Ky.App. 1901), 65 S.W. 165, 166.
In the instant case, the trial court granted summary judgment against appellants on the ground that they could not inherit from Ms. Peachey under any circumstance. The trial court found that, if the will was affected by undue influence, it must be invalid intoto, hence, the prior will would control and Mr. Holloway would inherit from Ms. Peachey. We, however, conclude that, as the Supreme Court noted, a testator could, in theory, be under undue influence as to the disposition of property in a will but still fully intend of his or her own volition to revoke a previous will. In any event, such a determination is for the finder of fact and is not appropriately made on summary judgment. Furthermore, we conclude that, if the first will were to be determined invalid, as to disposition or in toto, the appellants may be able to inherit as lineal descendants of Ms. Peachey's maternal and paternal grandparents pursuant to R.C. 2105.06(H), and hence, have an interest in and are necessary parties to the will contest action below. Accordingly, appellants' first assignment of error is sustained.
 B. Second Assignment of Error The trial court erred when it denied the defendants NEXT OF KIN'S motion to add party plaintiffs to case no. CJ 98-05-07, which would have added defendants Brenda J. Wagner, Virginia E. Warren, Robert E. King and Richard L. King as plaintiffs.
Appellants aver that the trial court abused its discretion when it refused to grant them leave to file an amended complaint in case number CJ 98-05-07, adding additional parties as plaintiffs. We disagree.
Rule 15(A) of the Ohio Rules of Civil Procedure provides that, after the period for automatic amendment has expired, a trial court shall freely grant leave to amend "when justice so requires." A trial court's decision whether to grant leave to amend will not be disturbed on appeal absent an abuse of discretion. Wilmington Steel Products, Inc. v. Cleve. Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. The Ohio Supreme Court has provided guidance for determining when the denial of a motion to amend a complaint is an abuse of discretion:
 "Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion."
Patterson v. V M Auto Body (1992), 63 Ohio St.3d 573, 576, quoting Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175.
Appellants assert that they wished to file an amended complaint in case number CJ 98-05-07. However, that case was consolidated with case number CJ 98-03-04. Moreover, the additional next of kin were listed as party defendants in Mr. Holloway's third amended complaint, and they filed a cross-claim and counterclaim substantially similar to that averred by the next of kin in their complaint in case number CJ 98-05-07. Further, the cross and counterclaims of the additional next of kin remain pending due to our reversal of the trial court's grant of summary judgment against them in appellants' first assignment of error. We can discern no abuse of discretion in the trial court's decision not to allow appellants to amend their complaint when the additional next of kin are already parties to the action, having been made named defendants in Mr. Holloway's third amended complaint and having filed both a cross-claim and a counterclaim. Appellants' second assignment of error is overruled.
 III.
Appellants' first assignment of error is sustained. Appellants' second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed in part, affirmed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed in part, affirmed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to each party equally. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
BAIRD, J. and CARR, J. CONCUR.