OPINION
Robert Lee Clark[1] appeals from a judgment of the Montgomery County Probate Court, construing a codicil to the last will and testament of Frank Clark.
Frank and Lois Clark were married on July 21, 1944. They had one child together, Michael Clark, who died on May 2, 1989. Michael had four children-Beth Badrak, Lee Badrak, Robert Clark, and Allan Clark. Beth and Lee Badrak (hereinafter collectively referred to as "the Badraks") appear to have been the children of Michael's first marriage to a woman named Kathy. After Michael and Kathy's divorce, Kathy remarried, and her new husband (Mr. Badrak) adopted Beth and Lee. Robert was the child of Michael's second marriage. Allan was adopted by Michael.
Lois died on January 11, 1995. Her will left her entire estate "to those persons entitled to inherit from me according to the laws of descent and distribution." Because Beth and Lee had been adopted by their stepfather, they took nothing from the estate of their grandmother, Lois.
On May 16, 1996, Frank executed a last will and testament, which stated:
 I give, devise and bequeath my entire estate, whether real, personal or mixed, of every kind, nature and description whatsoever, and wheresoever situated, which I may now own or hereafter acquire, or have the right to dispose of at the time of my decease, by power of appointment or otherwise, to my grandson, ROBERT LEE CLARK, absolutely and in fee simple, per stripes.
On the same day, Frank executed a codicil to his will, which stated: "All property I received from my deceased wife I give to Beth Ellen Badrak and Lee Michael Badrak." The will was drafted by an attorney pursuant to Frank's written instructions, which Robert delivered to the attorney. The codicil was drafted by Beth pursuant to Frank's oral instructions.
At the time he executed his will and the codicil, Frank had received some property from Lois' estate and had apparently given it all away to various people, including Robert, Beth, and Lee. Frank died on October 11, 1996. At that time, he possessed no property that he had received from his wife's estate.
Both Frank's will and the codicil were admitted to probate court on January 27, 1997. Pursuant to the terms of Frank's will, Robert was appointed executor of Frank's estate. During the administration of Frank's estate, the estate received a distribution from Lois' estate in the amount of $98,365.27.
On August 18, 2000, Robert filed a Motion for Order of Distribution requesting that the probate court determine the extent of the property included in the language "all property I received from my deceased wife." Beth filed a response on October 17, 2000, requesting that the court construe the language in the codicil to include the $98,365.27 distributed to Frank's estate from Lois' estate after Frank's death. The court held a hearing on December 12, 2000 and issued an order on April 5, 2001. The probate court found that the language in the codicil included the disputed $98,365.27 and ordered the executor to distribute to Beth and Lee all assets received from the estate of Lois.
Robert appeals, raising seven assignments of error.
 I. WHEN A WILL AND CODICIL ARE SIGNED ON THE SAME DAY, IT IS ERROR TO INTERPRET THE CODICIL IN SUCH A MANNER AS TO MAXIMIZE THE CONFLICT AND CONTRADICTION BETWEEN THE WILL AND THE CODICIL.
 II. WHEN A WILL AND A CODICIL ARE SIGNED ON THE SAME DAY, IT IS ERROR TO INTERPRET THE CODICIL IN SUCH A MANNER AS TO CREATE AN INCONSISTENCY BETWEEN THE CODICIL AND THE WILL.
 III. WHEN A WILL AND A CODICIL ARE SIGNED ON THE SAME DAY IT IS ERROR TO INTERPRET THE CODICIL IN SUCH A MANNER AS TO MAKE THE CODICIL EFFECTIVELY REVOKE THE WILL.
 IV. IT IS ERROR FOR A COURT, WHEN APPLYING CASE LAW TO THE INTERPRETATION OF A CODICIL, TO APPLY THAT LAW IN SO EXPANSIVE A FASHION AS TO MAXIMIZE THE EXTENT TO WHICH THE TESTATOR WOULD BE STARTLED TO LEARN THAT HIS LAY TERM "RECEIVED" WAS TAKEN TO MEAN "WAS VESTED WITH."
 V. IN APPLYING CASE LAW TO THE TERM "RECEIVED" USED BY A LAYMAN IN A CODICIL, IT IS ERROR TO APPLY THE CASE LAW BEYOND THE FACTS OF THE RECORDED CASES TO AREAS NOT CONTEMPLATED BY THE RECORDED CASES.
 VI. IT IS ERROR TO INTERPRET "PROPERTY" IN THE CODICIL EXECUTED BY FRANK CLARK AS MEANING "RIGHTS AND INTERESTS" WHEN THAT SAME FRANK CLARK ON THAT SAME DAY EXECUTED A WILL WHICH SHOWS FRANK CLARK IS PERFECTLY CAPABLE OF SAYING "MY ENTIRE ESTATE, WHETHER REAL, PERSONAL OR MIXED, OF EVERY KIND, NATURE AND DESCRIPTION * * * WHICH I MAY OWN OR HEREAFTER ACQUIRE, OR HAVE THE RIGHT TO DISPOSE OF * * *."
 VII. IT IS ERROR TO INTERPRET THE ESTATE OF LOIS CLARK AS IF SHE HAD DIED INTESTATE OR AS IF HER SPOUSE FRANK CLARK HAD ELECTED TO TAKE UNDER THE STATE OF DESCENT AND DISTRIBUTION, WHEN NEITHER OF THESE FACTS OCCURRED IN HER CASE.
In the interest of judicial economy, we will consider all seven assignments of error together. Robert essentially argues that the trial court erred in interpreting the language "all property I received from my deceased wife" in Frank's codicil to include property, which, at the time of his death, he had not yet received but in which he only had a vested interest.
In construing a will, the court's purpose is to determine the intent of the testator. See Oliver v. Bank One, Dayton, N.A. (1991),60 Ohio St.3d 32, 34. The intent of the testator is to be determined from the words contained in the will. See id., citing Carr v. Stradley (1977), 52 Ohio St.2d 220, paragraph one of the syllabus; Townsend's Exrs. v. Townsend (1874), 25 Ohio St. 477, paragraphs one and two of the syllabus. Thus, "[t]he court may consider extrinsic evidence to determine the testator's intention only when the language used in the will creates doubt as to the meaning of the will." Id., citing Sandy v. Mouhot (1982), 1 Ohio St.3d 143, 145; Wills v. Union Sav. Trust Co. (1982), 69 Ohio St.2d 382, paragraph two of the syllabus.
In the present case, the probate court found that the term "received" did not "create doubt as to the meaning of the will" and therefore did not consider extrinsic evidence. However, while purporting to apply the plain meaning of "received," the court gave the word an overly broad meaning. "Receive" is defined as "to come into possession of." Webster's New Collegiate Dictionary (1975) 964. The probate court noted a similar dictionary definition but found that that:
 [T]he term "received" as used in the Codicil to the Last Will and Testament of Frank M. Clark includes all property that Frank M. Clark had a right to receive from the Estate of Lois Clark as these rights and interests were vested in him at the time of her death and were "received" by him at the time he executed his Codicil or at the time of his death.
We agree with the Badraks and the trial court that his rights had vested. However, we do not find this determination to be dispositive because we believe that the probate court read "received" too broadly when it included property that Frank had not received but in which he had only a vested interest.
Initially, we agree with the probate court that the term "received" is clear and unambiguous on its face. Therefore, the court was correct in not considering extrinsic evidence. However, the court applied a much broader definition to "received" than the plain meaning of the word allows. The term "received" includes only that property of which Frank had already come into possession and of which he was in possession at the time of his death. Although the extrinsic evidence introduced by the Badraks might indicate that Frank intended them to have the $98,365.27, we must ignore that evidence and construe the terms of Frank's will as they are written. Frank's codicil uses the word "received." While a difference as simple as the removal of a "d" might warrant a different result in this case, Frank executed the codicil with the "d" included, and we must presume he intended its effects.
While this result may be harsh, we cannot reach a different result given the record before us. The language of the codicil is clear and unambiguous. Frank's intentions are only thrown into doubt by the introduction of extrinsic evidence showing that Frank's estate received $98,365.27 from Lois' estate after his death. However, we cannot consider that evidence given the fact that the language of the codicil is clear on its face. Therefore, we find that the trial court erred in applying an overly broad interpretation to the word "received" in Frank's codicil.
Robert's assignments of error are sustained.
The judgment of the probate court will be reversed and the matter remanded for the court to enter judgment consistent with this opinion.
[1] Except as otherwise noted, all persons relevant to this action will be referred to in this opinion by their first names.
BRYANT, J., concurs.