## In re ESTATE OF HERNTON.

[Cite as In re Estate of Hernton, 164 Ohio App.3d 306, 2005-Ohio-5805.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008681.

Decided Nov. 2, 2005.

John L. Keyse–Walker, for appellant.

Rosemary C. Serra, for appellee Bruce Weigl.

Ronald F. Wayne, Hillary B. McLean, and Dale A. Nowak, for appellee Mary Hernton.

---

MOORE, Judge.

{¶ 1} Appellant, Antone Hernton, appeals from the judgment of the Lorain County Court of Common Pleas, Probate Division, overruling his objections and finding that the estate's executor properly accounted for the assets of the estate. This court affirms.

I

{¶ 2} Calvin C. Hernton died on September 30, 2001, leaving a will that addressed the distribution of his assets. Appellee Bruce Weigl was appointed executor of Hernton's estate and administered the estate. On April 9, 2004, Weigl filed his final accounting of the estate with the trial court. Appellant objected to the final accounting, arguing that certain portions of the estate were improperly paid from the proceeds of Calvin Hernton's TIAA–CREF account.

{¶ 3} The parties briefed the issue, and a magistrate found that appellant's arguments were not supported by the language of the testator's will. Appellant objected to the magistrate's decision, urging, inter alia, that certain payments were improperly made from the TIAA–CREF account and that the magistrate had improperly interpreted Hernton's will. The trial court overruled appellant's

objections and found that Weigl had properly paid the debts of the testator's estate in accordance with the terms of the will. Appellant timely appealed, raising three assignments of error for our review. For ease of discussion, we have consolidated appellant's first and second assignments of error.

## II

### *ASSIGNMENT OF ERROR I*

The probate court committed prejudicial error in determining that the executor properly paid the allowance for support of the surviving spouse of decedent Calvin C. Hernton available pursuant to R.C. 2106.13 from the proceeds of a teacher's personal annuity contract, when the last will and testament of the decedent specifically designated only certain items to be paid from the proceeds of the teacher's personal annuity contract, and the designated items did not include the allowance for support of the surviving spouse.

### *ASSIGNMENT OF ERROR II*

The probate court committed prejudicial error in determining that the executor properly paid fiduciary/1041 income tax, Ohio State 1041 income tax and attorney's fees for the preparation of those tax returns from the proceeds of a teacher's personal annuity contract, when the last will and testament of the decedent specifically designated only certain items to be paid from those proceeds, and the designated items did not include income taxes or attorney's fees for the preparation of income tax returns.

{¶ 4} In his first two assignments of error, appellant asserts that the trial court erred in interpreting the testator's last will and testament. We disagree.

{¶ 5} When considering a question of will construction, this court must attempt to ascertain the intent of the testator and give effect to his intention wherever legally possible. *Stevens v. Natl. City Bank* (1989), 45 Ohio St.3d 276, 278, 544 N.E.2d 612. The fundamental principles of will construction are provided by the Ohio Supreme Court in *Townsend's Exr. v. Townsend* (1874), 25 Ohio St. 477:

1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

2. Such intention must be ascertained from the words contained in the will.

3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appears from the context that they were used by the testator in some secondary sense.

4.  All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.

Id. at paragraphs one through four of the syllabus.

"The express language of the instrument generally provides the court with the indicators of the [testator's] intentions, and the words used in the instrument are presumed to be used in their ordinary sense." (Citation Omitted.) *Stevens*, 45 Ohio St.3d at 279, 544 N.E.2d 612.

{¶ 6} The segment of the will in question reads as follows:

I direct my Executor to pay my legally enforceable debts, expenses of my last illness, funeral expenses, costs of administration, and claims allowed in the administration of my estate as soon as practical after my death from my TIAA–CREF Account * * * (or its successor account) to the extent certified by my Executor to the acting Trustee/Administrator of said account, and as authorized in my Beneficiary Designation directing the disposition of said account upon my death.

I further direct that all inheritance, transfer, estate, and similar taxes, including any interest and penalties, but excluding any generation-skipping transfer taxes, assessed or payable by reason of my death on any property or interest in property which is included in my estate for the purpose of computing such taxes be paid from my TIAA–CREF Account * * * (or its successor account) to the extent certified by my Executor to the acting Trustee/Administration of said account, and as authorized in my Beneficiary Designation directing the disposition of said account upon my death.

Appellant contends that the trial court incorrectly interpreted the phrase "my legally enforceable debts." Specifically, appellant argues that the trial court failed to use the doctrine of ejusdem generis in interpreting the will. This court disagrees.

{¶ 7} Contrary to appellant's assertion, the doctrine of ejusdem generis does not support his contention that only the specific items listed in Hernton's will were to be paid from the TIAA–CREF account. The doctrine of ejusdem generis provides that "where a more general description is coupled with an enumeration of things, the description shall cover only things of the same kind[.]" *Creamer v. Harris* (1914), 90 Ohio St. 160, 165, 106 N.E. 967. In the instant matter, we find that the trial court properly employed the doctrine of ejusdem generis.

{¶ 8} The specific terms used in Hernton's will, "expenses of my last illness, funeral expenses, costs of administration, and claims allowed in the administration of my estate," are each taken from R.C. 2117.25(A), which sets forth the order of priority in which an executor must pay debts. The additional items paid

by Weigl during the administration of the estate are also contained in R.C. 2117.25. Weigl first paid the allowance for spousal support. See R.C. 2117.25(A)(3). Weigl also paid a federal income tax and a state income tax from the TIAA–CREF account. Both taxes were claims allowed during the administration of the estate and in fact claims that were required to be paid during the administration of the estate. See R.C. 2117.25(A)(1) and (9); *Spears v. Madden* (1971), 28 Ohio Misc. 125, 128, 57 O.O.2d 202, 276 N.E.2d 669. See, also, Section 6012(a)(1)(A), Title 26, U.S.Code; R.C. 5747.02(A). Finally, Weigl paid the costs of preparing those taxes, an expense of administering the estate. See R.C. 2117.25(A)(1).

{¶ 9} Appellant has not asserted and this court can find no authority for the proposition that the items individually listed by Hernton are distinct from the other debts listed in R.C. 2117.25(A). Accordingly, under the doctrine of ejusdem generic, we cannot say that the trial court erred in determining that these items were properly payable from the TIAA–CREF Account.

{¶ 10} In addition, appellant's contention that the will should be interpreted narrowly is further undermined by the broad language used by Hernton in his beneficiary designation for the TIAA–CREF account.[1] In his beneficiary designation, Hernton designated payment of the TIAA–CREF account into his estate to the extent that the account was used "to pay debts and taxes of the estate." The trial court, therefore, did not err in finding that Weigl properly paid the debts and taxes of the estate with the proceeds from the TIAA–CREF account. Appellant's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

The probate court committed prejudicial error in calculating the amount of fiduciary fees pursuant to R.C. 2113.35 by including portions of the teacher's personal annuity contract in the estate of the decedent, thereby increasing the fiduciary fees.

{¶ 11} In his final assignment of error, appellant contends that the trial court erred in determining the fees owed to Weigl by including assets that were not properly a part of the estate. This court disagrees.

{¶ 12} Appellant's sole contention in his third assignment of error is based upon his first and second assignments of error. Having concluded that Weigl properly paid the debts and taxes of the estate from the TIAA–CREF account,

---

1. While this court recognizes that the beneficiary designation is extrinsic evidence, neither party objected to the trial court's viewing or use of the document to determine Hernton's intent.

we find that appellant's assertion that the trial court miscalculated the amount of fiduciary fees lacks merit. Appellant's third assignment of error is overruled.

### III

{¶ 13} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

WHITMORE, P.J., and REECE, J., concur.

REECE, J., retired, of the Ninth District Court of Appeals, sitting by assignment.