[Cite as *In re Estate of Martin*, 2016-Ohio-5281.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

SANDRA A. STEINER, Executor

    Appellee

    v.

WILLIAM F. MARTIN, et al.

    Appellants

C.A. No.     15AP0039

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2015 PB-V 000391

## DECISION AND JOURNAL ENTRY

Dated: August 8, 2016

---

MOORE, Presiding Judge.

**{¶1}** William F. Martin appeals from the judgment of the Wayne County Court of Common Pleas, Probate Division. We affirm.

I.

**{¶2}** Chester W. Martin, the father of William F. Martin ("Son") and Sandra A. Steiner ("Daughter") died testate in 2013, and his will was admitted to probate. Son made a request for will construction upon Daughter as the executor of the estate. Thereafter, Daughter, as executor, filed a complaint in the trial court to construe Mr. Martin's will in order to determine what property passed to Daughter under Item II of the will, which provided:

> I give, devise, and bequeath to my daughter, Sandra A. Steiner, any interest I may have the right to dispose of by my will in any and all chattel property such as household goods and furniture, jewelry, books, pictures, silverware, and other articles of domestic or personal use or ornament, provided, however, should my said daughter predecease me, then this bequest shall pass to her issue, per stirpes and not per capita, share and share alike.

{¶3}   In an order dated June 1, 2015, the trial court noted that the parties did not believe an evidentiary hearing was necessary to resolve construction of the will, and it ordered that the parties file memoranda on this issue.  In her memorandum, Daughter maintained that the bequest to her in Item II of the will should be construed as bequeathing to her all of Mr. Martin's chattel property.  Son responded that Item II should be construed as bequeathing Daughter only the chattel property following the term "such as[,]" with the remainder of the chattel property passing to both Son and Daughter pursuant to the will's residuary clause, which divided the residue of the estate equally between Son and Daughter.

{¶4}   In a journal entry dated August 5, 2015, the trial court concluded that all of Mr. Martin's chattel property passed to Daughter pursuant to Item II of the will.  Son appealed, and he now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE PROBATE COURT ERRED IN THE CONSTRUCTION OF THE WILL OF CHESTER W. MARTIN BY HOLDING THAT "ALL CHATTEL PROPERTY SUCH AS HOUSEHOLD GOODS AND FURNITURE, JEWELRY, BOOKS, PICTURES, SILVERWARE, AND OTHER ARTICLES OF DOMESTIC OR PERSONAL USE OR ORNAMENT," MEANT ALL CHATTEL PROPERTY, AND BY NOT FINDING THAT CHATTEL PROPERTY NOT INCLUDED IN THE LIKE LISTED PROPERTY DID NOT PASS UNDER THAT LANGUAGE.

{¶5}   In his sole assignment of error, Son argues that the trial court erred in concluding that all of Mr. Martin's chattel property passed to Daughter under the will.

{¶6}   The interpretation of a will is a question of law which we review de novo.  *In re Estate of Baker*, 9th Dist. Lorain No. 07CA009113, 2007-Ohio-6549, ¶ 8.  The Ohio Supreme Court has specified the following "well-settled general  rules[,]" *Carr v. Stradley*, 52 Ohio St.2d 220, 224 (1977), to be employed in interpreting a will:

1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

2. Such intention must be ascertained from the words contained in the will.

3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appears from the context that they were used by the testator in some secondary sense.

4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.

*Townsend's Exrs. v. Townsend*, 25 Ohio St. 477 (1874), paragraphs one through four of the syllabus.

{¶7} When the language used in the will creates doubt as to the meaning of the will, "[t]he court may consider extrinsic evidence to determine the testator's intention[.]" *Oliver v. Bank One, Dayton*, N.A., 60 Ohio St.3d 32 (1991), paragraph one of the syllabus; *see also Sandy v. Mouhut*, 1 Ohio St.3d 143, 145 (1982) ("where a term in a will is susceptible to various meanings, the [court] may consider the circumstances surrounding the drafting of the instrument, in order to arrive at a construction consistent with the overall intent of the testator so as to uphold all parts of the will"), and *Holmes v. Hrobon*, 158 Ohio St. 508, 518 (1953). Here, because the parties agreed that an evidentiary hearing was unnecessary for the court to construe the will, and Son specifically maintains that extrinsic evidence of intent is unnecessary to construe the will, our review of Son's argument regarding intent is limited to the language of the will.

{¶8} Two sections of the will that dispose of property: Items II and III. In Item II of the will, it provides:

> I give, devise, and bequeath to my daughter, Sandra A. Steiner, any interest I may have the right to dispose of by my will in any and all chattel property such as household goods and furniture, jewelry, books, pictures, silverware, and other articles of domestic or personal use or ornament, provided, however, should my said daughter predecease me, then this bequest shall pass to her issue, per stirpes and not per capita, share and share alike.

{¶9} The residuary clause is contained in Item III of the will, and it provides:

All the rest, residue and remainder of my estate, both real and personal, wheresoever situated and of whatsoever nature, kind and description that I may own at the time of my death, including legacies and devises, if any, which may lapse or fail for any reason, I give, devise, and bequeath to my two children, Sandra A. Steiner and William F. Martin, per stirpes and not per capita, equally, share and share alike.

* * *

{¶10} In its journal entry, the trial court concluded that "'[c]hattel property' is a broadly defined term that includes all visible, tangible property[,]" and the parties do not challenge this definition. *See Black's Law Dictionary* 251 (8th Ed.2004) ("Chattel" property refers to "[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property."). On the amended inventory and appraisal, which Daughter attached to the complaint, it lists Mr. Martin's total property valuation at $6,240, of which the entire amount is attributable to tangible personal property. From the appraisal, it appears that the most valuable pieces of property at issue are a diesel tractor, valued at $3,500, a riding lawn mower, valued at $650, and a 1986 Chevy Caprice, valued at $300. Several other items including tools, appliances, and furniture of lesser value are also included in the appraisal.

{¶11} From language of the will, the trial court determined that Mr. Martin intended to pass all of his chattel property to his daughter under the bequest contained in Item II. Accordingly, the trial court concluded that Daughter was entitled to all of the personal property listed on the amended inventory and appraisal. Son argues that the trial court erred because the trial court should have applied the doctrine of ejusdem generis to limit the bequest to the particular categories of property listed after the phrase "such as" in Item II, and that those categories of property would not encompass "[f]arm machinery, equipment, tools and other tangible property for use outside the home[.]"

{¶12} "The doctrine of ejusdem generis provides that 'where a more general description is coupled with an enumeration of things, the description shall cover only things of the same kind[.]'" *In re Estate of Hernton*, 164 Ohio App.3d 306, 2005-Ohio-5805, ¶ 7 (9th Dist.), quoting *Creamer v. Harris*, 90 Ohio St. 160, (1914). *See also Smilack v. Bowers*, 167 Ohio St. 216, 218 (1958) (discussing the rule of ejusdem generis in the context of statutory construction). "In the construction of wills, a presumption prevails, especially in items not residuary, that, where a more general description is coupled with an enumeration of things, the description shall cover only things ejusdem generis." *Creamer* at paragraph one of the syllabus. "This, however, is only a rule of presumption and must yield to the testator's intent, as gathered from the whole instrument, but where the presumption is favored and supported by the evident intention of the testator, as developed from a consideration of all the parts of the instrument, then such rule of presumption should be applied to the matter in question." *Id.* at paragraph two of the syllabus. "[T]he intention of the testator is to govern, and when that is ascertained, all things must yield to it, the object being to carry out the purposes and intention of the testator as expressed in his will, and all technical rules must bend to this rule." (Internal quotation and citation omitted.) *Polen v. Baker*, 92 Ohio St.3d 563, 566, 2001-Ohio-1286.

{¶13} Here, applying the doctrine of ejusdem generis, Son has argued that the bequest in Item II was limited to the chattel property that was of the type listed as "household goods and furniture, jewelry, books, pictures, silverware, and other articles of domestic or personal use or ornament[.]"

{¶14} Therefore, the narrow issue before this Court is whether ejusdem generis should apply to this particular bequest in the manner advanced by Son based solely on the language of the will itself. The language of the bequest commences with the phrase "any and all[,]" which

appears to initially indicate an intention to include all chattel property of any type. *See Sandy*, 1 Ohio St.3d at 145 (emphasizing the use of the word "all" in a bequest of all personal property). Following the bequest of any and all chattel property is the phrase "such as," which has been defined as meaning "for example" or "of the kind specified[."] (Citations omitted.) *Donovan v. Anheuser-Busch, Inc.*, 666 F.2d 315, 327 (8th Cir.1981). "[A] general term will not be reduced by a particular description when the description appears to be an example or a means for identifying the property further." *Sandy* at 145. Accordingly, the use of the phrases "any and all" and "such as" would indicate an intention to pass the entirety of the chattel property to daughter. *See Creamer* at paragraph two of the syllabus; *see also Prince v. Higgins*, 572 So.2d 1217, 1218-1220 (Ala.1990) (ejusdem generis not applicable to limit tangible property of a bequest of "[a]ll of the remaining tangible personal property which I may own at the time of my death, not otherwise specifically bequeathed above, including any household furniture and furnishings, books, pictures, jewelry, art objects, club memberships, wearing apparel and other articles of household or personal use or ornament[]"). We are not persuaded that application of ejusdem generis is supported by the "evident intention" of Mr. Martin despite the usage of the language "any and all" and "such as[.]" *See Creamer* at paragraph two of the syllabus; *see also Griffin v. Gould*, 104 Ill.App.3d 397, 402 (1982) (ejusdem generis doctrine is subject to the principle of ascertaining the intention of the testator).

{¶15} Moreover, Son maintains that the phrase "chattel property[,]" as limited by the enumerated categories of property that follow it, would not include "[f]arm machinery, equipment, tools and other tangible property for use outside the home[.]" However, two of the categories of property following the phrase "chattel property" are "household goods and furniture" and "other articles of domestic or personal use or ornament[.]" We are not inclined to

conclude that "household goods and furniture," and "other articles of domestic personal use or ornament[,]" would *necessarily* exclude farm machinery, equipment, tools and property for use outside of the home, as suggested by Son. *See M'Micken v. Bd. of Directors of M'Micken Univ.*, 3 Ohio Dec. Rep. 429, 430 (S.C.1863) ("[t]he word household furniture has as general a meaning as possible. It is incapable of a definition. It comprises everything that contributes *to the use or convenience of the householder* or the ornament of the house.") (Emphasis added.); *see also* Annotation, *What Passes Under a Bequest Which Employs the Adjective "Household" in Describing the Subject of the Gift,* 149 A.L.R. 968 (1944). Accordingly, even if we were to apply ejusdem generis in the manner advanced by Son, it would not resolve the issue of whether the particular property listed on the inventory here falls within one of the purportedly more specific classifications of household goods and furnishings, or other items of domestic or personal use or ornament.

{¶16} Based upon the limited record and the narrow issue before this Court, we cannot say that the trial court erred in concluding that the assets listed on the amended inventory passed to Daughter through Item II of the will. Therefore, Son's sole assignment of error is overruled.

III.

{¶17} Son's assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

SCHAFER, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

CHARLES A. KENNEDY, Attorney at Law, for Appellant.

ROBERT B. PRESTON, III and RYAN K. KUCHMANER, Attorneys at Law, for Appellee.