**SHAY v. HERMAN et al.**

Ohio Appeals, Second District, Clark County.

December 10, 1948.

106

Halloran & Rosenthal, Springfield, for plaintiff-appellee.
McGrew & Laybourne, Springfield, for defendants-appellants.

## OPINION

By WISEMAN, PJ.

This is an appeal from the Common Pleas Court of Clark County, Ohio, in an action to construe the will of Anna C. Shay, who died December 7, 1945.

On March 28, 1946, Joseph E. Shay was appointed executor of said will by the Probate Court of Clark County, Ohio. On May 20, 1946, the executor filed his petition in the Probate Court of Clark County, Ohio, to have the will construed and alleged that he was in doubt as to the true construction of said will in the following particulars; to wit: "Item VII of said will, in that the same gives a right of occupancy for five years and the right to purchase at the end of said five-year period for a stated sum, and plaintiff requires the advice of the court as to whether such occupancy and such purchase price are for the entire premises or whether said occupancy should be for half of said premises, and the purchase price named in the will should be divided and he be required to pay one-half of the sum set out for the purchase of one-half interest of the testatrix." The testatrix devised certain real estate to her son, Joseph E. Shay, in trust; the pertinent part of Item VII being as follows:

"Being Lots Nos. Three Thousand Three Hundred and Eighteen (3318) and Three Thousand Three Hundred and Nineteen (3319), as the same are numbered and designated on Johnson and Scott's Addition to said City.

"Being the same premises conveyed to the said William Shay and Anna Shay by Frank C. Johnson and Benjamin P. Johnson, Executors and Trustees of Robert Johnson, deceased, by deed and recorded in Vol. 187, Page 113, Deed Records of Clark County, Ohio.

"Said trustee shall hold said real estate and dispose of the same in the following manner.

"1. Joseph Shay shall have the right to the use, occupancy, and privileges of said real estate for the term of five years immediately after my death, free of any rental or charge except repairs and maintenance and the payment of taxes and insurance thereon.

"2. At the end of such five year period the said Joseph Shay may purchase same real estate for the sum of Four Thousand Dollars ($4000.00).

"3. Should the said Joseph Shay not desire to purchase said property for said sum of Four Thousand Dollars ($4000.00) at the expiration of said five year period, then I direct that said property be sold for the highest price that can be obtained therefor at public sale, and I hereby authorize said Joseph Shay as trustee to execute and deliver a deed therefor to any purchaser thereof, and I direct that the said above referred to Four Thousand Dollars ($4,000.00) if paid by the said Joseph

Shay, or if he does not elect to purchase said real estate, then any sum realized from the sale of said property, shall be paid as follows: * * *

"b. All the rest and residue of said Four Thousand Dollars ($4000.00) or said other sum received for said property, I give, devise and bequeath to all of my children, share and share alike, * * *."

The fact that testatrix died possessed of an undivided one-half interest only in the property devised under Item VII gives rise to the controversy.

This being a will construction suit the intention of the testatrix must be ascertained and her intention must be drawn from the four corners of the will. We are not permitted to give effect to the actual intent of the testatrix, even if it were susceptible of proof, but rather the intention of the testatrix as gathered from the words used in the will.

Where there is a latent ambiguity, extrinsic evidence is admissible, not for the purpose of showing the intention of the testatrix, but for the purpose of assisting the court to better interpret the intention of the testatrix from the language used in the will. **41 O. Jur. page 612.** In an agreed statement of facts it was stipulated that the property in question was purchased by Anna C. Shay and her husband, William Henry Shay, the title being taken in their joint names; that under the will of her deceased husband, Anna C. Shay took a life estate in her husband's undivided one-half interest with the power to dispose of same during her lifetime. She made no disposition of said property during her life time. After the death of her husband the testatrix executed her will under date of January 26, 1944. The agreed statement of facts fails to state the appraised value of the real estate.

It will be observed that only the undivided one-half interest in said premises passes under the will of the testatrix. She could not devise more than she owned but all she owned passed under the devise. It is clear that she desired to confer a benefit on her son, Joseph E. Shay. Whether she believed she owned the entire interest in said property or only one-half interest, it is convincingly clear that she expressed a definite desire and purpose to confer on Joseph E. Shay the "right to the use, occupancy and privileges of said real estate for the term of five years" immediately after her death, "free of any rental or charge except repairs and maintenance and the payment of taxes and insurance thereon." The testatrix mani-

fests a clear intention to favor the son with the right to use and occupancy for a period of five years, free from rent, such interest in the property which she owned, and which she was able to devise. Since the testatrix only owned the undivided one-half interest in said property the language used effectively operates to confer on Joseph E. Shay the right to use said undivided one-half interest, rent free, for a period of five years. The testatrix manifests an intention that he shall be charged with the payment of the cost of repairs and maintenance, taxes and insurance on that interest which he uses and occupies. Since he has the right to use and occupy only the undivided one-half interest he shall be charged with the payment of only one-half of the cost of repairs and maintenance, and one-half of the taxes and insurance on said property.

In paragraph No. 2 of Item VII, the testatrix gives to her son what amounts to an option to purchase said property at the end of the five year period for the sum of Four Thousand Dollars ($4000.00). Here a more difficult question is presented. In Paragraph No. 1 of Item VII, the testatrix was powerless to devise a greater interest than that which she owned. Neither could she confer the right of use and occupancy in any greater interest than she owned regardless of her intention to do otherwise. In paragraph No. 2, we consider a matter in which the testatrix may exercise a broad discretion and has an unlimited right in imposing a condition which must be performed in order to take advantage of the right conferred.

The right to purchase does not depend on whether or not Joseph E. Shay exercises his right to the use and occupancy. The right to purchase at the end of the five year period may or may not be exercised by Joseph E. Shay, at his option.

In arriving at the intention of the testatrix, we are required to consider the will in its entirety. It will be observed that the Four Thousand Dollar ($4000.00) figure is mentioned four different times in said will. It is evident that the testatrix expected her estate to recover Four Thousand Dollars ($4000.00) and the provision for the distribution of the residuary estate in paragraph No. 3(b) is based on that premise.

It was not within the power of the testatrix to pass the entire interest or to confer the right to purchase the entire interest in said property. Since the decedent owned only the undivided one-half interest in said property, it would be impossible to carry out the intention of the testatrix to confer on her son the right to purchase the entire interest. However, we are required to give effect to the intention of the testatrix

insofar as possible. In this provision, as in the first provision, the testatrix manifests a clear intention to give her son an option to purchase that interest which she owned and which she was able to devise.

We are not unmindful of the rule that there is a strong presumption that the testatrix knew the extent of her ownership in said property; and the rule that the instrument must receive the most favorable construction to accomplish the intention of the testatrix. In view of this situation, if the court were to indulge in the presumption that testatrix did not intend to devise that which she did not own, we would be required to conclude that she intended to devise the undivided one-half interest, and that her son would be required to pay for such one-half interest the sum of Four Thousand Dollars ($4000.00). The condition imposed in the exercise of the option to purchase does not necessarily fail because the interest devised is found to be the half interest rather than the entire interest. The testatrix had an undisputed right to impose any condition she wished and fix the price at any amount she may choose regardless of the value of the property. The court cannot find that it was the intention of the testatrix that her son should pay Two Thousand Dollars ($2000.00), or one-half of the price fixed in the will, for the one-half interest in said property. There is no provision in the will to indicate such intention. In order to give this construction to the will, as appellee contends, the court would be required to rewrite the will and to interpolate a clause to supply the defect. This the court may not do.

We conclude that under Item VII, Paragraph 2, Joseph E. Shay would be required to pay Four Thousand Dollars ($4000.00) for the undivided one-half interest if he desires to exercise the right to purchase.

An entry may be prepared accordingly.

MILLER and HORNBECK, JJ, concur.