DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, in which the trial court granted a motion for summary judgment filed by appellee, Robert J. Kaplan, executor for the estate of Gladys J. Herron, deceased. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellant, Richard Fair, sets forth the following two assignments of error:
 {¶ 3} "1. The trial court erred in granting [appellee's] motion for summary judgment.
 {¶ 4} "2. The trial court erred in re-making decedent's Last will and Testament."
 {¶ 5} On September 28, 2001, Gladys Herron executed her last will and testament. Item II of Herron's will included a bequest of her condominium "equally to Richard Fair and Joyce Smith, or all to the surviving individual." The will was prepared by Herron's attorney, Joseph L. Wittenberg.
 {¶ 6} Herron died on December 5, 2001. On August 23, 2002, appellee filed a declaratory judgment action in the trial court, in which he asked the court to declare that the name "Joyce" Smith had been erroneously inserted in Herron's will, and that Herron had actually intended to name Richard Fair and "George" Smith as co-beneficiaries. On May 8, 2003, the executor filed a motion for summary judgment. Attached to the motion was an affidavit by attorney Wittenberg, in which he stated the following:
 {¶ 7} "1. I have represented Gladys J. Herron since 1995 and in the course of such representation have prepared wills and a trust agreement for Gladys J. Herron.
 {¶ 8} "2. In August of 2001, I prepared a will for Gladys J. Herron.
 {¶ 9} "3. Gladys J. Herron advised me to state in the will that her condominium is to be distributed equally to Richard Fair and George Smith.
 {¶ 10} "4. When I prepared the will for Gladys J. Herron, the name of Joyce Smith was incorrectly typed in the will and the name should have been George Smith.
 {¶ 11} "5. This was an error on my part.
 {¶ 12} "6. George Smith had been designated a beneficiary in a prior instrument I prepared.
 {¶ 13} "7. During the time I have represented Gladys J. Herron, [she] had mentioned the name George Smith as her friend and had never mentioned the name Joyce Smith."
 {¶ 14} On May 23, 2003, appellant filed a motion to dismiss the complaint and, on June 11, 2003, appellant filed a memorandum in opposition to summary judgment, in which he argued that the will need not be reformed because it is unambiguous, and the executor of Herron's estate is not a proper party to bring a declaratory judgment action. Attached to appellant's memorandum was a copy of Herron's will and Fair's own affidavit, in which he stated that he had known and worked with Herron on a daily basis for 30 years, he had never heard Herron mention that she knew a "George Smith," and "at no time did [he] know of any George Smith assisting Gladys Herron." Appellant further stated in his affidavit that Herron was "a very astute and intelligent person and would not have signed any Will that was not what she intended."
 {¶ 15} On October 3, 2003, the trial court filed a judgment entry in which it denied appellant's motion to dismiss, finding that it was Herron's intent to divide her condominium equally between appellant and George Smith. Accordingly, the trial court granted the motion for summary judgment. On October 28, 2003, a timely notice of appeal was filed.
 {¶ 16} Appellant's two assignments of error will be considered together, since he essentially asserts in both that the trial court erred by granting appellee's motion for summary judgment.
 {¶ 17} We begin by noting that the executor of a decedent's estate may bring a declaratory judgment action for the express purpose of determining "any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." R.C. 2721.05(C). Accordingly, the subject matter of this action is proper for summary judgment.
 {¶ 18} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129;Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party satisfies this initial burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Civ.R. 56.(E); Dresher, supra.
 {¶ 19} Appellant argues on appeal that Herron's will is unambiguous and, therefore, the trial court erred by re-writing its terms to read "George" Smith instead of "Joyce" Smith. The executor argues that the insertion of the name "Joyce" Smith in Herron's will was the result of her attorney's error and, as such, constitutes a latent ambiguity that can be resolved only by the introduction of extrinsic evidence.
 {¶ 20} A latent ambiguity has been described as "a defect which does not appear on the face of language used or an instrument being considered. It arises when language is clear and intelligible and suggests but a single meaning, but some intrinsic fact or some extraneous evidence creates a necessity for interpretation or a choice between two or more possible meanings, as where the words apply equally well to two or more different subjects or things." Conkle v. Conkle (1972),31 Ohio App.2d 44, 51. In Ohio, extrinsic evidence may be used to resolve a latent ambiguity in a will, "and aid in the interpretation or application of the will. Since latent ambiguity is only disclosed by extrinsic evidence, it may be removed by such evidence." Id., citing Shayv. Herman (1948), 85 Ohio App. 441. (Other citations omitted.)
 {¶ 21} In this case, appellant introduced into evidence attorney Wittenberg's unrefuted affidavit, in which Wittenberg states that Gladys Herron made out a prior will that contained a bequest to a "George" Smith; Herron told Wittenberg that she wanted to leave her condominium equally to Richard Fair and "George" Smith; and the use of the name "Joyce" instead of "George" in the will was an error on attorney Wittenberg's part. In contrast, evidence produced by appellant establishes only that appellant did not know anyone associated with Herron who was named "George" Smith, and that Herron was an intelligent woman. It does not establish that Herron never knew anyone named "George" Smith, or that a "Joyce" Smith actually exists.
 {¶ 22} This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof and the law, finds that appellee has introduced uncontroverted evidence to establish that Herron's will contained a latent ambiguity, which resulted when attorney Wittenberg erroneously named "Joyce" Smith as Herron's beneficiary instead of "George" Smith. We further find that, even after construing the all of the evidence most strongly in appellant's favor, there exists no other genuine issue of material fact to be resolved at trial. Therefore, appellee is entitled to summary judgment as a matter of law. Appellant's two assignments of error are not well-taken.
 {¶ 23} The judgment of the Lucas County Court of Common Pleas, Probate Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant, Richard Fair.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J. concur.