DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, Probate Division, in which the trial court granted a motion for summary judgment filed by appellees, Jeremy Michelsen, Kelly Wymer, and Daniel Michelsen. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Testator, Karl F. Michelsen, was survived by two bloodlines: one represented by appellees, who are the three children of Karl's deceased son Kevin; and the other represented by appellants, Kay Michelson-Caldwell, who is Karl's daughter, and Kay's children, Steven Caldwell and Susan Musarra.
 {¶ 3} At the time of his death, Karl owned a farm consisting of a single, contiguous parcel of land, part of which is located in Middleton Township and part of which is located in Perrysburg Township, Wood County.
 {¶ 4} In his will, Karl made specific devises of real property to each of the bloodlines in Items III and IV, and disposed of the remainder of his property in Item V, a residuary clause that divided the remaining property equally among Karl's beneficiaries.
 {¶ 5} In Item III of his will, Karl made a devise of real property to appellees, as follows:
 {¶ 6} "Situated in the Township of Middleton, Wood County, State of Ohio and described as being part of the South 1/2 of the East 1/2 of the Northeast 1/4 of Section 36, Town One, United States Reserve, said parcel described as being all of the real property East of a North/South line beginning at the Southeast corner of the 1.03 acre parcel recorded in Volume 382, Page 362, Wood County, Ohio, Deed Records, thence North along the East line of said parcel to the Northeast corner of said 1.03 acre parcel, thence continuing North on a line parallel to the East line of the South 1/2 of the East 1/2 of the Northeast 1/4 to a point on the North line of the South 1/2 of the East 1/2 of the Northeast 1/4 of Middleton Township, Wood County, Ohio. Including a 0.500 acre parcel *Page 3 
described in Volume 321, Page 571, Wood County, Ohio Deed Records. (Subject to survey).
 {¶ 7} "[The 0.500 acre parcel shall include the real property and building only, and shall not include any personal property located therein.]
 {¶ 8} "to be theirs equally, share and share alike, per stirpes."
 {¶ 9} In Item IV of the will, Karl made a devise of real property to appellant Kay Michelsen-Caldwell, as follows:
 {¶ 10} "Situated in the Township of Middleton, Wood County, State of Ohio and described as being part of the South 1/2 of the East 1/2 of the Northeast 1/4 of Section 36, Town One in United States Reserve, said parcel described as being all of the real property West of the North/South line:
 {¶ 11} "Commencing at the Southeast corner of a 1.03 acre parcel as described in Volume 382, page 362, Wood County, Ohio, Deed Records, thence North along said line to the Northeast corner of said 1.03 acre parcel, thence continuing North on a line parallel to the East line of the South 1/2 of the East 1/2 of the Northeast 1/4, Middleton Township, Wood County, Ohio to the North line of the South 1/2 of the East 1/2 of the Northeast 1/4, less and excepting:
 {¶ 12} "a 1.03 acre parcel as described in Volume 369, Page 14, Wood County, Ohio, Deed Records, and a 1.03 acre parcel as described in Volume 382, Page 362, Wood County, Ohio, Deed Records. (Subject to survey.)
 {¶ 13} "to be hers, per stirpes." *Page 4 
 {¶ 14} On May 15, 2007, appellants filed a complaint for construction of the subject will alleging that "[t]here are questions respecting Items III and IV of such Will and [appellants] are in doubt as to the true construction to be placed on such Items." More specifically, the complaint alleged:
 {¶ 15} "The question is: A) Do Items III and IV adequately identify the real property to be devised under these sections of the Last Will and Testament of Karl F. Michelson? [Appellants] state that items III and IV do not employ legal descriptions of real property as commonly used in Wood County, making it difficult to ascertain which parcels of real property belonging to decedent are devised in these items."
 {¶ 16} On July 10, 2007, appellees filed their response to the complaint claiming that the will contained a latent ambiguity that could be resolved by consideration of the attached affidavits of Robert Spitler and Marla Michelsen.
 {¶ 17} On October 17, 2007, appellees filed a motion for summary judgment, and on December 21, 2007, the trial court granted the motion. It is from the trial court's entry of summary judgment that appellants have filed the current appeal, raising the following assignments of error:
 {¶ 18} I. "THE TRIAL COURT ERRED IN FINDING THAT THE DESCRIPTIONS OF THE PROPERTY DEVISED IN ITEMS III AND IV OF THE WILL ARE AMBIGUOUS AND [IN] CONSIDERING THE AFFIDAVITS OF ROBERT SPITLER AND MARLA MICHELSEN TO INTERPRET THE WILL." *Page 5 
 {¶ 19} II. "SUMMARY JUDGMENT WAS IMPROPER IN THIS CASE BECAUSE THERE EXIST GENUINE ISSUES OF MATERIAL FACT AND THE RULING WAS BASED ON INADMISSIBLE EVIDENCE."
 {¶ 20} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ. R. 56(C) provides:
 {¶ 21} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 22} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Ryberg v. All state Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 629.
 {¶ 23} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving *Page 6 
party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ. R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 24} An essential question in both of appellants' assignments of error is whether or not the will contains a latent ambiguity that gives rise to the valid consideration of the affidavits of Robert Spitler and Marla Michelsen. Appellants argue that the will contains no ambiguity and, as such, must be given effect without extrinsic evidence. Appellees, on the other hand, argue that the will contains a latent ambiguity, and that such latent ambiguity is wholly resolved by consideration of extrinsic evidence in the form of affidavit testimony by Robert Spitler and Marla Michelsen.
 {¶ 25} In the construction of wills, Ohio courts have consistently followed the general rules set forth in paragraphs one through four of the syllabus in Townsend's Exrs. v. Townsend (1874), 25 Ohio St. 477, as follows:
 {¶ 26} "1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.
 {¶ 27} "2. Such intention must be ascertained from the words contained in the will.
 {¶ 28} "3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear from the context that they were used by the testator in some secondary sense. *Page 7 
 {¶ 29} "4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it." SeeKryszan v. Estate of Peterson, 9th Dist. No. 23041, 2006-Ohio-4725,¶ 5.
 {¶ 30} Although the testator's intention must be determined from the will itself whenever possible, Wurst v. Savings Deposit Bank TrustCo. (1940), 37 Ohio Law Abs. 393, where there is a latent ambiguity, extrinsic evidence may be admitted to resolve that uncertainty.Clark Estate of Finan v. Bryan (Jan. 7, 1981), 3d Dist. No. 11-80-16.
 {¶ 31} This court has described "latent ambiguity" and the appropriateness of using extrinsic evidence to resolve such ambiguity, as follows:
 {¶ 32} "A latent ambiguity has been described as `a defect which does not appear on the face of language used or an instrument being considered. It arises when language is clear and intelligible and suggests but a single meaning, but some intrinsic fact or some extraneous evidence creates a necessity for interpretation or a choice between two or more possible meanings, as where the words apply equally well to two or more different subjects or things.' Conkle v. Conkle
(1972), 31 Ohio App.2d 44, 51, 285 N.E.2d 883. In Ohio, extrinsic evidence may be used to resolve a latent ambiguity in a will, `and aid in the interpretation or application of the will. Since latent ambiguity is only disclosed by extrinsic evidence, it may be removed by such evidence.' Id., citing Shay v. Herman (1948), 85 Ohio App. 441,83 N.E.2d 237. (Other citations omitted.)" Kaplan v. Fair, 6th Dist. No. L-03-1300, 2004-Ohio-3457, ¶ 20. *Page 8 
 {¶ 33} In the instant case, appellants argue: (1) that the will, in Items III and IV, devises only that portion of the decedent's farm that is located in Middleton Township; and (2) that the portion of the farm that is located in Perrysburg Township is devised through the residuary clause of the will.
 {¶ 34} Contrary to that assertion, appellees contend: (1) that the will, in Items III and IV, sets forth a north/south dividing line and devises the entirety of Karl's farm (including that portion located in Perrysburg Township); and (2) that it was Karl's intent to devise only his remaining personal property through the residuary clause.
 {¶ 35} Appellants argue in support of their position that language set forth in the will that specifically references Middleton Township effectively excludes any property outside of Middleton Township from being divided pursuant to Items III and IV. Specifically, at Item III, Karl devises to his grandchildren any interest he has "in the following real property: Situated in the Township of Middleton, Wood County * * *,said parcel described as being all of the real property East of a North/South line * * *." (Emphasis added.) Similarly, the devise to Kay Michelsen-Caldwell refers to property "Situated in the Township ofMiddleton, Wood County * * *, said parcel described as being all of the real property West of the North/South line." (Emphasis added.)
 {¶ 36} Appellees dispute this interpretation, arguing that Items III and IV do not contain legal descriptions of two, distinct parcels of land, but, rather, they establish a line that transverses and divides the entire farm into two parcels, and, further, they establish *Page 9 
that all property to the east of said dividing line is devised to appellees and all property to the west of said dividing line is devised to appellant, Kay Michelsen-Caldwell.
 {¶ 37} In support of this position, appellees emphasize portions of the will stating: "To my grandchildren * * * I give, bequeath and devise any and all interest I may have in the following real property * * * said parcel described as being all the real property East of [the] North/South line." (Emphasis added.) Similarly, the devise to Kay Michelsen-Caldwell refers to "* * * all of the real property West of the North/South line * * *." (Emphasis added.) According to appellees, the reference to Middleton Township was necessary to establish the beginning point of the dividing line and the landmark by which the north/south dividing line should run parallel.
 {¶ 38} As additional support for their position, appellees have produced affidavit testimony by Robert Spitler and Marla Michelsen. Robert Spitler, is the attorney who prepared Karl's last will and testament in April 2003. By his affidavit, Spitler established that, during his interaction and communication with Karl prior to the will's completion, Karl had expressed a desire to divide his farm, on an approximately equal basis, between his two bloodlines. Spitler further testified that Karl did not make a distinction between the property located in Middleton Township and the property located in Perrysburg Township, and that he merely wished to divide his farm into two identifiable parcels along the precisely designated north/south line, regardless of acreage, buildings, woods, frontage, or exact value of each parcel. Lastly, Spitler testified that it was Karl's intent to *Page 10 
devise his minor remaining items of personal property into six equal portions amongst appellants and appellees, as set forth in the residual clause of the will.
 {¶ 39} Testimony by Marla Michelsen, who was married to Karl's son, Kevin, and is the mother of appellees, establishes that Karl intended to divide his entire farm into two portions, with appellants receiving all property west of the dividing line and appellees receiving all property east of the dividing line, without reference to Middleton Township or Perrysburg Township as separate parcels.
 {¶ 40} A review of the plain language of the will reveals language in Items III and IV that is clear and intelligent and suggested but a single meaning until extraneous evidence that was produced by appellees created a necessity for interpretation or a choice between two possible meanings: on the one hand, the meaning suggested by appellants, and on the other, the meaning suggested by appellees. As such, the will contains a latent ambiguity, giving rise to the admissibility of extrinsic evidence. Kaplan, supra, at ¶ 20. For the foregoing reasons, appellants' first assignment of error is found not well-taken.
 {¶ 41} Turning to the question of whether summary judgment was properly granted in this case, we find that the language of the will document, together with the uncontroverted affidavit testimony by attorney Robert Spitler and Marla Michelsen leaves no genuine issue of material fact to be litigated, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to appellants.
 {¶ 42} We note, in reaching our conclusion, that the decedent did not specifically exclude property situated in Perrysburg Township from the division of real property *Page 11 
described in Items III and IV of his will, and there is nothing in the record to suggest that he intended to do so. The mere fact that there are references to Middleton Township in Items III and IV (references that apparently exist for the limited purpose of providing a clear description of where the north/south dividing line was located) is insufficient, in and of itself, to establish a genuine issue of material fact in this case.
 {¶ 43} In a final attempt to avoid summary judgment, appellants argue, for the first time on appeal, that the affidavits of Robert Spitler and Marla Michelsen should not have been considered, because appellants did not have the opportunity to cross-examine either of those witnesses. We initially note that "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."State v. Williams (1977), 51 Ohio St.2d 112, 117. Thus, appellants' argument is properly dismissed on this basis alone. Even if we were to consider the argument, it would necessarily fail. The affidavits of the subject witnesses were submitted with appellees' response to the complaint, which was filed on July 10, 2007. At no time between July 10 and December 21, 2007, when summary judgment was ultimately granted, did appellants request a deposition of those, or any other, witnesses. Appellants' argument is without merit.
 {¶ 44} For all of the foregoing reasons, appellants' second assignment of error is found not well-taken. *Page 12 
 {¶ 45} The judgment of the trial court is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur.