[Cite as *Radzisewski v. Szymanczak*, 2012-Ohio-2639.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97795**

## VICKI RADZISEWSKI, EXECUTOR

PLAINTIFFS-APPELLEES

vs.

## MIROSLAW SZYMANCZAK, ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 11ADV0166006

**BEFORE:** Rocco, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**ATTORNEY FOR APPELLANTS**

Christina M. Joliat
P.O. Box 391531
Solon, Ohio   44139

**ATTORNEY FOR APPELLEE**

Teddy Sliwinski
5800 Fleet Avenue
Cleveland, Ohio   44105

KENNETH A. ROCCO, J.:

**{¶1}** This is an appeal from a judgment of the the Cuyahoga County Court of Common Pleas, Probate Division ("the probate court"), in an action to construe the will of decedent Zofia Sulek. Defendants-appellants Malgorzata Polkowska-Sulek, Katarzyna Olszewska-Sulek, Radoslaw Kowalski, Wieslawa Sas, Irena Stankiewicz, and Agata Maciszewska, who are family members and friends of Sulek who still live in Sulek's native country of Poland, appeal from the order that adopted the magistrate's decision that, because the will contained no "rest and remainder" clause, Sulek's residuary estate went to her next-of-kin, defendant-appellee Zuzanna Szymanczak ("Zuzanna").[1]

**{¶2}** Appellants present two "issues for review."[2] They assert the probate court improperly interpreted Sulek's intent, as expressed in her will, to distribute all of her property to them rather than to her next-of-kin.

**{¶3}** Upon a review of the record, this court agrees with appellants. Consequently, their "issues for review" are resolved in their favor, and the probate court's judgment is reversed.

---

[1]Zuzanna Szymanczak is the wife of Zofia's deceased nephew, Miroslaw, who was originally named as a defendant in this action; during the course of the underlying proceeding, Zuzanna was substituted for her husband.

[2]One of the appellants, Radoslaw Kowalski, acting on behalf of all, filed a pro se appellate brief that does not strictly comply with the Ohio Appellate Rules; therefore, appellants presented no actual assignments of error as required by App.R. 16(A)(3).

{¶4} The record reflects that Vicki Radzisewski, executor of Sulek's estate, filed this action seeking construction of Sulek's will, because Sulek, at the time of her death, owned property in Poland that the will failed to mention. Radzisewski attached a copy of Sulek's will, which Sulek executed on September 8, 2009.

{¶5} The relevant portions of Sulek's will, which was prepared by an attorney, state:

> I, Zofia Sulek,* * * do hereby make, publish and declare this instrument to be my Last Will and Testament, hereby revoking and making null and void all other Wills heretofore made by me.

### ITEM I

> I DIRECT that all of my debts, funeral and administrative expenses be paid out of my estate * * * and any and all * * * taxes, levied or assessed by reason of my death, shall be paid by my Executor out of my residuary estate * * * .

### ITEM II

> I give, devise and bequeath all of my household, clothing, jewelry, books, works of art, and similar articles of tangible personal belongings I give and bequeath [sic] to my family residing in Poland: **MALGORZATA POLKOWSKA-SULEK, KATARZYNA OLSZEWSKA-SULEK, RADOSLAW KOWALSKI, WIESLAWA SAS, IRENA STANKIEWICZ and AGATA MACISZEWSKA, absolutely and in fee simple, share and share alike.**

### ITEM III

> In the event **MALGORZATA POLKOWSKA-SULEK, KATARZYNA OLSZEWSKA-SULEK, RADOSLAW KOWALSKI, WIESLAWA SAS, IRENA STANKIEWICZ and AGATA MACISZEWSKA**, predecease me or fail to survive me * * *, leaving child or children surviving said child or children shall take the share of the deceased parent as if the deceased parent survived me.

### ITEM IV

I direct that the Real Property located at 144 East Dawnwood, Seven Hills, Ohio be sold and the proceeds divided among my family and friends: **MALGORZATA POLKOWSKA-SULEK, KATARZYNA OLSZEWSKA-SULEK, RADOSLAW KOWALSKI, WIESLAWA SAS, IRENA STANKIEWICZ and AGATA MACISZEWSKA, share and share alike**.

**{¶6}** Appellee Zuzanna, Miroslaw Szymanczak's widow, filed a written response to the complaint, asserting that Sulek's intent was to leave all property in Poland to Zuzanna's husband, Sulek's nephew Miroslaw, "in accordance with the Polish law." In support of her response, Zuzanna attached a copy of separate, Polish wills, that had been made by Sulek and her husband in 1994 and that referred only to the property in Poland.

**{¶7}** Appellants filed a "waiver of service of the complaint," followed by an answer. Therein, appellants asserted that, while the "validity" of the Sulek's will submitted to the probate court on December 16, 2009 was "not contested," Sulek's intent was to leave her property in Poland to her nephew "only in case of [the] simultaneous death[s]" of her and her husband. Appellants also asserted that Sulek prepared in Polish a handwritten will dated August 25, 2009 in which she left "her estates, wherever situated * * * to the family in Poland."

**{¶8}** The matter proceeded to a hearing before a magistrate. Only the executor and her attorney appeared, but the executor offered some exhibits into evidence.

**{¶9}** Subsequently, the magistrate issued a decision noting that the executor offered evidence to support her contention that Sulek "wanted all of her estate to be divided equally among the persons named" in her will. One of the exhibits the executor offered was the affidavit of the attorney who had prepared the will.

**{¶10}** The magistrate's decision set forth the contents of the affidavit. In pertinent part,

"[t]he affiant * * * stated that during the execution of [Sulek's] will it was the intent of Ms. Sulek to bequeath and devise all of her real properties and personal properties, tangible and intangible, to * * * the following: Malgorzata Polkowska-Sulek, Katarzyna Olszewska-Sulek, Radoslaw Kowalski, Wieslawa Sas, Irena Stankiewicz, and Agata Maciszewska to share and share alike."

{¶11} Another exhibit accepted into evidence "was a handwritten copy of a document titled 'Testament' that was written in the Polish language." According to the translation and the executor's representation, the document was "a draft of a new will that Ms. Sulek had intended to execute before her death." The magistrate stated that this document provided in part that Sulek "bequeath[ed her] estates wherever they are to the family residing in Poland"; however, because this particular document failed to name "Agata Maciszewska," it was "inconsistent" with the other evidence submitted at the hearing. Based upon this and upon the lack of a phrase in Sulek's will that bequeathed the residuary estate to appellants, appellants were not entitled to an equal share of Sulek's residual estate.

{¶12} Appellants filed objections to the magistrate's decision. Appellants argued that the magistrate had ignored the fact that the "Testament" contained Agata Maciszewska's maiden name, i.e., "Agata Sulek"; therefore, the decision lacked a basis in fact.

{¶13} The probate court eventually issued an order in which it overruled appellants' objections and adopted the magistrate's decision. Appellants filed a timely appeal from the probate court order. They present the following "Issues" for review.

"I. Whether the trial Court erred in failing to expressly say, that in her Last Will, Zofia Sulek, died on November 23, 2009 <u>disposed all of her properties</u>: real (including real properties in Poland) and personal properties only to Malgorzata Polkowska-Sulek, Katarzyna Olszewska-Sulek, Radoslaw Kowalski, Wieslawa Sas, Irena Stankiewicz, [and] Agata Maciszewska?

"II. In particular whether the trial Court erred in omitting during construing the Last Will the intended meaning of Zofia Sulek's latently ambiguous words: *I give, devise and bequest* [sic] <u>*all of my household*</u>, covered in Item II of the aforementioned Will, in situation, where-according to appellant's [sic] and in the light of all extrinsic evidence, this phrase covers all estate (or at least real properties) of Zofia Sulek?"

{¶14} Appellants argue that the magistrate misapplied the law to this case because the magistrate did not properly consider the facts presented at the hearing; therefore, the probate court erred in adopting the magistrate's decision. Based upon the record, this court agrees.

{¶15} With respect to a judgment involving the construction of a will, an appellate court reviews the decision of the probate court de novo. *Church v. Morgan*, 115 Ohio App.3d 477, 481, 685 N.E.2d 809 (4th Dist. 1996). Thus, this court reviews the judgment independently and without deference to the probate court's determination. *Belardo v. Belardo*, 187 Ohio App.3d 9, 2010-Ohio-1758, 930 N.E.2d 862, ¶ 7 (8th Dist.).

**{¶16}** The basic law guiding will interpretation is that, "the sole purpose of the court should be to ascertain and carry out the intention of the testator." *Polen v. Baker*, 92 Ohio St.3d 563, 752 N.E.2d 258 (2001), citing *Oliver v. Bank One, Dayton, N.A.*, 60 Ohio St.3d 32, 34, 573 N.E.2d 55 (1991), and *Townsend's Exrs. v. Townsend*, 25 Ohio St. 477 (1874), paragraph one of the syllabus. This intent is to be gleaned from the words used. *Id.*, citing *Townsend's Exrs.*, paragraph two of the syllabus.

The court may consider extrinsic evidence to determine the testator's intention only when the language used in the will creates doubt as to the meaning of the will. *Sandy v. Mouhot* (1982), 1 Ohio St.3d 143, 145, 1 OBR 178, 180, 438 N.E.2d 117, 118; *Wills v. Union Savings & Trust Co.* (1982), 69 Ohio St.2d 382, 23 O.O.3d 350, 433 N.E.2d 152, paragraph two of the syllabus. *Oliver*.

**{¶17}** In this case, the magistrate's decision indicates that extrinsic evidence was considered. *Michelsen-Caldwell v. Croy*, 6th Dist. No. WD-08-001, 2008-Ohio-4281. The magistrate, therefore, clearly believed the language Sulek used in the will "created doubt as to the meaning" of her will, i.e., that a latent ambiguity existed.

**{¶18}** A latent ambiguity is one that is not apparent from the language used or from the face of the instrument. *Conkle v. Conkle*, 31 Ohio App.2d 44, 285 N.E.2d 883 (5th Dist. 1972). A latent ambiguity can arise even if the language of the instrument is unambiguous and suggests only a single meaning, but some extrinsic fact or evidence creates the necessity for *interpretation* or a choice between two or more possible meanings, or if the words apply *equally well to two or more different subjects or things*. *Id.* (Emphasis added.)

**{¶19}** Extrinsic evidence may be used to resolve a latent ambiguity in a will, "and aid in the interpretation or application of the will." *Id.* Where there is a latent

ambiguity appearing in a will, extrinsic evidence is admissible, not for the purpose of showing the testator's intention, but to assist the court to better *interpret* that intention from the language used in the will. *Barr v. Jackson*, 5th Dist. No. 08 CAF 09 0056, 2009-Ohio-5135, ¶ 36, citing *Shay v. Herman*, 85 Ohio App. 441, 83 N.E.2d 237 (1948).

{¶20} In this case, Sulek provided in her will that her funeral expenses should be paid out of her "residuary estate," however, she specifically bequeathed only her Ohio property. Thus, Sulek disposed of the "rest and remainder" of her Ohio property at the same time when she specifically named in her will no other persons but appellees. Moreover, she bequeathed her property in Ohio "in fee simple," which are words that commonly refer to real property rather than only to personal property. *Polen*, 92 Ohio St.3d 563, 565-566, 752 N.E.2d 258 (2001), citing *Hamilton v. Pettifor*, 165 Ohio St. 361, 135 N.E.2d 264 (1956).

{¶21} According to the evidence supplied at the hearing, an additional will handwritten by Sulek in Polish existed, but Sulek died before she submitted it to a Polish court. The handwritten will, like her Ohio will, disposed of all of her property in Poland to the same persons named in her Ohio will.

{¶22} The magistrate nevertheless decided this evidence, even in light of the affidavit of the attorney who had drafted Sulek's Ohio will, was somehow "inconsistent" with the language Sulek used in her Ohio will. In this, the magistrate erred. *Shay*, 85 Ohio App. 441, 83 N.E.2d 237 (1948); *Hamilton*; *compare Henson v. Casey*, 4th Dist. No. 04CA9, 2004-Ohio-5848, ¶ 22.

**{¶23}** Because the magistrate failed to correctly apply the law to the facts adduced at the hearing, the probate court improperly adopted the magistrate's decision. Appellants' "issues for review," accordingly, are resolved in their favor.

**{¶24}** The probate court's order is reversed. This case is remanded for further proceedings consistent with this opinion. It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR