[Cite as *Skalsky v. Bowles*, 2022-Ohio-1568.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JOHN SKALSKY | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| NANCY BOWLES, INDIVIDUALLY | : | |
| AND IN HER CAPACITY AS | : | Case No. 21CA004 |
| EXECUTOR OF THE ESTATE OF | : | |
| JEFFREY C. SKALSKY | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Probate Division, Case No. 20PC007


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      May 10, 2022


APPEARANCES:

For Plaintiff-Appellant

JUSTIN E. CHENEVEY
DAVID M. TODARO
126 North Walnut Street

For Defendant-Appellee

GRANT A. MASON
STEVE KNOWLING
88 South Monroe Street

Wooster, OH  44691                                    Millersburg, OH  44654
*Wise, Earle, P.J.*

{¶ 1}   Plaintiff-Appellant, John Skalsky, appeals the August 26, 2021 judgment entry of the Court of Common Pleas of Holmes County, Ohio, Probate Division, denying his complaint for declaratory relief.  Defendant-Appellee is Nancy Bowles, individually and in her capacity as Executor of the Estate of Jeffrey C. Skalsky.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 9, 2020, Jeffrey Skalsky passed away leaving his brother, appellant herein, as his closest next of kin.  Jeffrey executed a last will and testament and named appellee as executor.  Appellee was Jeffrey's companion for over thirty years.  The will contained incompatible provisions as to distribution.  One provision left the remainder of the estate to appellee (Item II).  A second provision left the remainder of the estate to Jeffrey's next of kin by the laws of descent and distribution (Item III).

{¶ 3}   On October 22, 2020, appellant filed a complaint for declaratory relief against appellee, seeking to strike the conflicting provisions and a declaration naming himself, as Jeffrey's closest next of kin, to be the sole beneficiary of the estate.  A bench trial commenced on August 9, 2021.  By judgment entry filed August 26, 2021, the trial court found Items II and III to be incompatible, and declared Jeffrey's testamentary intent was to leave the remainder of his estate to appellee and nothing was to pass to appellant.

{¶ 4}   On September 23, 2021, appellant filed a notice of appeal.  The record does not indicate that appellant filed a stay of execution or posted a bond.  Pursuant to a Fiduciary's Account filed January 25, 2022, appellee indicated the estate proceeds were distributed.  This matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5} "THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS THERE WAS NO GENUINE DISPUTE OF MATERIAL FACT."

II

{¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING PLAINTIFF'S MOTION IN LIMINE AND, SUBSEQUENT THERETO, ADMITTING EXTRINSIC EVIDENCE AT TRIAL, OVER THE OBJECTIONS OF COUNSEL."

III

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING FOR ADMISSION OF EVIDENCE (AND TESTIMONY BASED THEREON) WHICH WAS NOT PROVIDED UNTIL AFTER THE DEADLINE SET FORTH IN THE COURT'S AMENDED SCHEDULING ORDER."

IV

{¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR, BY FINDING THE TWO PROVISIONS TO BE INCONSISTENT, YET FINDING FURTHER THAT THE DEFENDANT WAS ENTITLED TO THE WHOLE OF DECEDENT'S PROBATE ESTATE."

{¶ 9} Preliminarily, we note appellee filed a motion to dismiss the appeal based on mootness. Despite being notified of appellee's intent to distribute the assets of the estate pursuant to the trial court's August 26, 2021 decision, appellant did not file a stay

of execution or a bond. Appellee argues because the estate proceeds have been distributed, the appeal is moot.

{¶ 10} We note appellee is both the executor of the estate as well as the sole beneficiary. We find the better course is to review the case on the merits and therefore decline to address the motion to dismiss.

I

{¶ 11} In his first assignment of error, appellant claims the trial court erred in failing to grant his motion for summary judgment. We disagree.

{¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 14} On July 16, 2021, appellant filed a motion for summary judgment, claiming two provisions in the will, Item II and Item III, were completely irreconcilable and therefore, as the closest next of kin, he should be declared sole beneficiary of the estate. The provisions state the following:

ITEM II.

All the rest, residue and remainder of my property, real and personal, and mixed, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, by power of appointment, or otherwise, I give, devise and bequeath to **NANCY BOWLES**.

ITEM III.

In the event I have no children or heirs of my body, then, and in that event, all of the property, real and personal, and mixed, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, by power of appointment or otherwise, I give, devise and bequeath to my next-of-kin, by the laws of descent and distribution.

{¶ 15} On July 23, 2021, appellee filed a memorandum in opposition, arguing submitted affidavits as well as appellant's deposition testimony raised factual issues regarding Jeffrey's intent. By judgment entry filed July 26, 2021, the trial court denied appellant's motion, finding genuine issues of material fact to exist regarding the two provisions and Jeffrey's intent. After reviewing the submitted materials, we agree with the trial court's analysis; genuine issues of material fact existed to preclude summary judgment.

{¶ 16} Upon review, we find the trial court did not err in failing to grant summary judgment to appellant.

{¶ 17} Assignment of Error I is denied.

II

{¶ 18} In his second assignment of error, appellant claims the trial court erred in denying his motion in limine and subsequently admitting extrinsic evidence at trial. We disagree.

{¶ 19} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County,* 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 20} In *Holmes v. Hrobon,* 158 Ohio St. 508, 518, 110 N.E.2d 574 (1953), the Supreme Court of Ohio stated the following:

If possible the testator's intention must be determined from the instrument itself. It is, however, well settled that where there is some doubt as to the meaning of the will the court may admit extrinsic evidence of the testator's family situation, his business and financial circumstances, the nature and extent of his investments, the character and manner of operation of his business and the natural objects of his bounty. With such evidence the court is better able to see things as the testator saw them and to construe the words used in the will as he understood them and to give that construction which he intended.

{¶ 21} Further, as this court explained in *Conkle v. Conkle,* 31 Ohio App.2d 44, 51, 285 N.E.2d 883 (5th Dist.1972):

A latent ambiguity is a defect which does not appear on the face of language used or an instrument being considered. It arises when language is clear and intelligible and suggests but a single meaning, but some intrinsic fact or some extraneous evidence creates a necessity for interpretation or a choice between two or more possible meanings, as where the words apply equally well to two or more different subjects or things.

The principle is firmly established in Ohio that extrinsic evidence is admissible where there is a latent ambiguity in a will, arising out of extrinsic

circumstances, to resolve the ambiguity and aid in the interpretation or application of the will.

{¶ 22} "Where there is a latent ambiguity appearing in a will, extrinsic evidence is admissible, not for the purpose of showing the testator's intention, but to assist the court to better interpret that intention from the language used in the will." *Barr v. Jackson,* 5th Dist. Delaware No. 08 CAF09 0056, 2009-Ohio-5135, citing *Shay v. Herman,* 85 Ohio App. 441, 83 N.E.2d 237 (1948).

{¶ 23} In this case, the language of each provision was clear and intelligible. An ambiguity existed as to which provision was to apply to the will. We find extrinsic evidence was properly admitted "to resolve the ambiguity and aid in the interpretation or application of the will" and to "give that construction" which Jeffrey intended.

{¶ 24} Upon review, we find the trial court did not abuse its discretion in admitting extrinsic evidence at trial.

{¶ 25} Assignment of II is denied.

III

{¶ 26} In his third assignment of error, appellant claims the trial court abused its discretion by allowing admission of evidence which was provided after the trial court's deadline. We disagree.

{¶ 27} In his motion to preclude witnesses and case file information, appellant argued Attorney Samuel Steimel was not listed as a witness by the July 14, 2021 deadline. Attorney Steimel was Jeffrey's estate planning attorney and wrote his will.

Appellant also argued any prior estate planning documents and/or copies of exhibits intended to be used at trial were not timely produced.

{¶ 28} In response, appellee argued Attorney Steimel was identified as a witness on April 21, 2021, and in fact, her counsel asked appellant's counsel on June 16, 2021, when he wanted to conduct Attorney Steimel's deposition. Appellee further argued although her counsel had contacted Attorney Steimel in late winter or early spring of 2021 requesting Jeffrey's estate planning file, it was not given to her counsel until late in the day on July 15, 2021. The next morning, two days after the discovery deadline, the documents were emailed to appellant's counsel. Appellee's counsel submitted an affidavit in support. The trial was scheduled for August 9, 2021.

{¶ 29} In its August 9, 2021 judgment entry denying the motion, the trial court found the record supports the argument that Attorney Steimel and other potential witnesses were timely disclosed. As for the production of Jeffrey's estate planning file, the trial court cited Civ.R. 1(B) which states in part the civil rules "shall be construed and applied to effect just results," and determined the following:

> The Court finds achieving "just results" in this matter would be threatened by allowing such a minor violation to bar the consideration of the documents. And as noted, Plaintiff has not alleged any harm from that delayed receipt and such did not occur on the eve of trial but rather about three weeks prior to the scheduled trial.

{¶ 30} We concur with the trial court's analysis.  The documents were produced some thirty-three hours after the deadline and appellant has not shown any prejudice to the minor violation.

{¶ 31} Upon review, we find the trial court did not abuse its discretion by allowing admission of evidence which was provided after the trial court's deadline.

{¶ 32} Assignment of Error III is denied.

IV

{¶ 33} In his fourth assignment of error, appellant claims the trial court erred in finding appellee was entitled to the estate proceeds.  We disagree.

{¶ 34} "It is well settled that the construction of a will is a question of law and thus, we will apply a *de novo* standard of review."  *Barr v. Jackson,* 5th Dist. Delaware No. 08 CAF 09 0056, 2009-Ohio-5135, ¶ 33, citing *Vaughn v. Huntington National Bank, Trust Division,* 5th Dist. Tuscarawas No.2008 AP 03 0023, 2009-Ohio-598, ¶ 19.

{¶ 35} During the August 9, 2021 bench trial, the trial court heard from appellant, appellee, and Jeffrey's friends, Kelly Curren and Tom Alexander.  The trial court also had the deposition of Attorney Steimel.

{¶ 36} Appellant testified he was Jeffrey's full brother.  T. at 6.  He admitted they did not have a loving relationship and they did not talk.  T. at 9.  Appellant did not know his brother was sick, dying of cancer, and in fact had died until he was notified by appellee's attorney.  *Id.*  Appellant did not have any evidence to refute Attorney Steimel's testimony.  T. at 10-12.

{¶ 37} In his deposition, Attorney Steimel explained Jeffrey contacted him in April 2020 "to redo his will" from 1988.  Steimel depo. at 15.  Jeffrey wanted to leave everything

to appellee and make her executor and "[e]mphatically that nothing goes to the brother." *Id.* at 16. Attorney Steimel's secretary prepared a draft of a will for his review. *Id.* at 17-18. After reviewing the draft, Attorney Steimel made changes to the language in Item III. *Id.* at 18. He explained his affidavit, attached to appellee's July 23, 2021 memorandum in opposition to plaintiff's motion for summary judgment as Exhibit C, contained the revised language for Item III. *Id.* at 19. Item III was to read as follows, compared to the language cited above in ¶ 14:

"In the event that the legatees, giftees, and devisees named herein above and the heirs of their bodies do not survive me, then, and in that event, all of the property, real and personal and mixed, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, by power of appointment or otherwise, I give, devise and bequeath to my next-of-kin, by the laws of descent and distribution."[1]

{¶ 38} After reviewing the will with the revision to Item III, Attorney Steimel instructed his secretary to print the will with the revision. Steimel depo. at 22. Erroneously, the first draft of the will was printed off and given to Jeffrey to sign. *Id.* at 19. Jeffrey picked up the will "through a drop at our office" with instructions on how to

---

[1]We note in his August 26, 2021 judgment entry, the trial court noted: "The revised version of Item III which Mr. Steimel prepared was not presented to the Court." In fact, the quoted revised language was mentioned during Attorney Steimel's deposition as being included in his affidavit which was part of the record. Given this court's de novo review, we are permitted to review and consider the affidavit and the revised language of Item III.

"get it signed."  *Id.*  Attorney Steimel did not recall if he reviewed the will after Jeffrey signed it, "I don't believe I did."  *Id.* at 24.

{¶ 39} Appellee testified although she and Jeffrey never married, they had a lasting and loving relationship for over thirty years.  T. at 14-15.  She testified there was no relationship or contact between Jeffrey and appellant.  T. at 16, 18.  In the spring of 2020, Jeffrey changed his bank accounts to POD (payable on death) accounts for the benefit of appellee.  T. at 19.

{¶ 40} Mr. Curren testified he and Jeffrey were friends for over forty-five years.  T. at 25.  The two discussed estate planning several times and Jeffrey was clear "he wanted everything of his assets" to go to appellee and he wanted her taken care of.  T. at 26-27.  Jeffrey was clear he did not want appellant to have anything as "he had no respect and no love" for appellant.  T. at 27-28.

{¶ 41} Mr. Alexander was also Jeffrey's longtime friend.  T. at 30-31.  They also discussed estate planning and Jeffrey's desire to "take care of" appellee.  T. at 31-32.  Mr. Alexander testified Jeffrey and appellant did not get along and "he didn't like you.  I'm sorry.  That's the truth.  I'm under oath."  T. at 32.

{¶ 42} In its August 26, 2021 judgment entry awarding all of Jeffrey's probate assets to appellee, the trial court reviewed the evidence presented and found Attorney Steimel's testimony to be "credible and persuasive" and "the unchallenged testimony of two close friends of Jeffrey was credible and compelling."  The trial court noted their combined statements "made it clear the decedent had a very poor relationship with his brother" and their "cumulative testimony also left no doubt that Jeffrey's desire was for all of his assets to end up with" appellee.  The trial court also noted the "extreme weakness

of Plaintiff's position" and cited examples from his testimony as cited above.   The trial

court then found the following:

1. Items II and III in Jeffrey Skalsky's will are incompatible.

2. The language in Item III of decedent's will which created the

conflict with Item II was included by mistake.

3. The intent of testator Jeffrey Skalsky was for all his probate assets

to pass to Defendant Nancy Bowles upon his death.

4. The intent of testator Jeffrey Skalsky was for none of his probate

assets to pass to his brother John Skalsky.

5. The language in Item II of Jeffrey Skalsky's will accurately reflects

his dispositive intent.

{¶ 43} The trial court declared Items II and III were incompatible, Jeffrey's

testamentary intent was for all of his probate assets to pass to appellee, and none of his

probate assets were to pass to appellant.  The trial court ordered all of Jeffrey's probate

assets shall pass to appellee and dismissed appellant's complaint.

{¶ 44} We concur with the trial court's analysis and declarations given the evidence

presented.  The evidence was clear as to Jeffrey's intent and the mix-up with the language

in Item III.

{¶ 45} Upon review, we find the trial court did not err in finding appellee was

entitled to the estate proceeds.

{¶ 46} Assignment of Error IV is denied.

{¶ 47} The judgment of the Court of Common Pleas of Holmes County, Ohio, Probate Division, is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Hoffman, J. concur.

EEW/db